## Trustees of Old School Presbyterian Church of Kansas, Illinois, Appellees, v. The Estate of James Paxton, deceased, Appellant.

1. ADMINISTRATION OF ESTATES—*claims.* Where a claim against the estate of a decedent for a subscription made toward building a church, is filed within a year in the name of the church, an amendment is properly allowed after a year changing the claimant to the board of trustees of the church.

2. RELIGIOUS SOCIETIES—*what is not necessary to establish claim against estate of deceased.* Where a claim is filed against the estate of decedent for a subscription made toward building a church, it is not necessary that the records of the church show every step necessary to bind it in its contracts, nor that the architect was licensed.

3. SUBSCRIPTIONS—*right to recover on.* Where a claim is filed against the estate of a decedent for a subscription made toward building a church, evidence that the church was not built on the location decedent expected is properly excluded where there was no such condition attached to the subscription.

4. ADMINISTRATION OF ESTATES—*claims.* An objection that a claim is filed against the executor instead of against the estate will not be considered when raised for the first time in the court of review.

Appeal from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

H. S. TANNER and FRANK T. O'HAIR, for appellant.

STEWARD W. KINCAID and SHEPHERD & TROGDON, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

During his lifetime, James Paxton signed the following paper which constituted a part of the subscriptions raised for the purpose of building a Presbyterian Church at Kansas, Illinois, viz:

''For the purpose of building a new Presbyterian Church in Kansas, Illinois, I agree to pay to the Treasurer of the Building Committee, One Thousand Dollars.

This is conditioned as follows:

If you raise $10,000.00, and 10 per cent for the additional amount up to $15,000.00, and 10 per cent for the additional amount up to $15,000.00.

1. The church will cost about $15,000.00.

2. It will be begun during the year 1909.

3. Subscriptions may be paid one-third when the work begins, one-third when the building is enclosed, one-third when the church is completed.

Signed, Jas. Paxton.''

This subscription was made in November, 1908. Arrangements for the building of the church were commenced in the early part of 1909. On March 21, the congregation of the church determined to purchase a lot known as the Birch lot in Kansas, and instructed the committee to purchase this lot, and also instructed the committee to proceed with preparations for the building of the church. The lot was purchased March 22, 1909; on March 22, plans were adopted for the construction of the church. On April 5, 1909, James Paxton attempted to withdraw his subscription made for the building of the church, by letter of that date. In October, 1909, Paxton refused to pay his subscription. The church was builded and dedicated November 28, 1909, and was finished December 1, 1909, at a cost of more than $16,000.00. James Paxton died March 12, 1910. The subscription executed by him was probated against his estate, the claim was finally heard in the circuit court of Edgar county, where judgment was entered against the estate for the amount of the subscription; from that judgment this appeal is prosecuted.

Appellant asks that this judgment be reversed, first, because the claim was not properly filed against the estate within one year after date of the granting of

letters of administration; second, that there was no authority given by the Board of Trustees of the Presbyterian Church to build a church; third, because no person was authorized to make any valid contract or obligation against the church; fourth, because the architect employed to prepare the plans had no license; and fifth, because there is no sufficient showing that the congregation ever authorized the construction of a church.

Upon the contention that no legal claim was properly filed against the estate, we find that the claim was originally filed in the name of the Presbyterian church of Kansas against the estate of James Paxton, this claim was filed within the year required by statute, and after the year had expired the claim was amended so that the claimant was made to appear as The Trustees of the Old School Presbyterian Church, this amendment was made by leave of the court. The Presbyterian Church is a religious organization, and under the statute where a body is organized for religious worship its property and funds are controlled by a board of trustees, and the record shows a sufficient organization of this society and the proper exercise and control of its property by the trustees, and as such it had power to sue and be sued. The amendment of the claim by naming the Board of Trustees of the Old School Presbyterian Church as claimant was legal and proper and the court rightfully permitted this amendment; it was not the commencement of a new action or the filing of a new claim, the cause of action remained the same and the only difference that the amendment could have made was to show the proper name of the party proper to maintain the action.

Upon the contention that there was no authority given the board of trustees to proceed with the building of a church and to raise subscriptions therefor, we find in this record evidence, which is not contradicted,

that the congregation of this church determined at one of its meetings to build a new church, and authorized proper action to be taken therefor. While this is not given as a written record of the church, it is testified to as the action taken according to the best judgment of persons who were present at this meeting, and for the purpose of this action we do not deem that it was necessary that every step would have been taken which would legally have bound the corporation to have builded a church. The greater portion of appellant's argument is based upon the theory that the records of the church do not show every step which would be necessary to hold the congregation bound by some contract which they may have entered into; this proceeding is not of that character, and it is immaterial whether every step which would be necessary to legally bind the church by any contract which it might make was taken or not. Sufficient is shown in the record to authorize the appointment of the building committee which was done, to authorize the selection of an architect to prepare plans, and to purchase a lot upon which to construct the church. The fact that the architect who prepared the plans could not under the statute recover a fee for his services in preparing the plans could not in any manner affect the subscription made by James Paxton in his lifetime.

Upon the contention that no person was authorized to make any valid contract and bind the church thereby, it is immaterial in this action. Conceding that no one was authorized at the time the contracts were made to enter into a binding contract, no one but the congregation or the church itself could be in any manner affected or take advantage of a failure to comply with all the necessary steps; the church might waive any irregularity and proceed with its contract and complete it, as it did in this case, and having done so the subscription made by Paxton could not in any way be affected thereby.

It is also insisted by appellant that the court erred

in refusing to permit evidence to be offered showing that James Paxton and his family understood and believed that the church was to be builded upon the lot in Kansas which was then owned and occupied by the church as church property. This was not one of the conditions required by Paxton at the time he entered into his subscription, and having named the conditions in writing and subscribed to the conditions upon which he would pay the subscription, no other conditions were material and the court properly excluded the evidence offered. James Paxton having made his subscription along with others for the building of this church and having named the conditions upon which he would pay the same, the authorities of the church had power to proceed with the building of a new church and the raising of subscriptions therefor, and were entitled to rely upon the subscriptions made by Paxton, and act thereon, and if any liability was incurred or obligation made on the faith of the subscription made by Paxton, or time had been expended in the raising and securing of other subscriptions to the extent of the completion of the church, Mr. Paxton could not after that time legally withdraw his subscription. The evidence in this record shows that not only were other subscriptions obtained after the Paxton subscription, but that after the subscription was made and before its attempted withdrawal, the Birch lot was purchased and partially paid for, and while the subscription of James Paxton is for the building of the church, this not only authorized the building of the church but the securing of property upon which to build it, and the authorities had the right and acted within their authority in making the purchase of this lot and constructing the church thereon. *Richelieu Hotel Co. v. International M. E. Co.*, 140 Ill. 248; *Trustees Kentucky Bap. Ed. Soc. v. Carter*, 72 Ill. 247.

It is also contended by appellant that the record does not show any appointment of Charles Paxton as exec-

utor of the estate of James Paxton, and that the claim should have been filed against Charles Paxton, Executor, instead of against the Estate of James Paxton. It is a sufficient answer to this contention, even if it contained any merit, and we hold that it does not, that no such question was raised in the trial court, and cannot be raised for the first time in this court.

Propositions of law were submitted to the trial court and passed upon by it, and from a careful examination of these questions we find that the court committed no error in passing on the propositions submitted. The judgment of the circuit court is right, and will be affirmed.

*Affirmed.*