[No. 13074. Department One. September 8, 1916.]

## C. R. JENSEN, *Trustee etc., Respondent,* v. INESON J. KOHLER *et al., Appellants.*[1]

APPEAL—REVIEW — PLEADINGS — AMENDMENTS. Where defendants answered and proceeded to trial on the merits, defects in the complaint will, on appeal, be deemed cured by the evidence.

CORPORATIONS — WINDING UP — STIPULATION — RIGHTS OF TRUSTEE. Where the stockholders of a corporation stipulated that all the assets be turned over to a trustee for administration, one who retains any of the assets and divides them among the stockholders is liable to the trustee.

PLEADING—ISSUES—STRIKING CAUSE OF ACTION—EFFECT. Where one of two causes of action was struck out in response to defendants' demurrer for misjoinder, the defendants cannot insist upon litigating the eliminated issue under an affirmative defense where the plaintiff did not seek to try, and the complaint as corrected did not tender, the issue.

CORPORATIONS — WINDING UP — TRUSTEE'S ACTION — ISSUES — DEFENSES. An action by a trustee of a corporation to recover a collection, made by an attorney and divided among stockholders, does not involve the trustee's conduct in administering the trust, which can only be litigated in an action against the trustee for an accounting.

APPEAL—REVIEW—FINDINGS—STIPULATION. Upon a conflict of the evidence and in the absence of findings, the supreme court will not find that a stipulation was made in open court, when it was not reduced to writing as required by superior court Rule X.

ATTORNEY AND CLIENT—LIEN—WAIVER. An attorney waives his attorney's lien on a claim which he held for collection for a corporation, by failing to reserve the lien in a stipulation which he signed as a stockholder agreeing to turn over all assets to a trustee for administration.

SAME—EXCESSIVE CHARGES — STATUTES — SUMMARY REMEDY. The summary method provided by Rem. 1915 Code, §§ 137, 138, for the adjustment of excessive attorney's charges is not exclusive, and a trustee of a corporation appointed by stipulation may maintain an action to enforce the agreement against the parties, including an attorney withholding an excessive fee.

PLEADING—AMENDMENT—AT TRIAL—ABUSE OF DISCRETION. In an action by a trustee of a corporation to recover a balance of a collec-

[1]Reported in 159 Pac. 978.

tion wrongfully divided among the stockholders, in which one of the defendants claimed an attorney's fee for making the collection, it is an abuse of discretion to refuse leave to make a trial amendment to his answer setting up the reasonable value of the services, where plaintiff knew from the beginning that he claimed such a fee in addition to his retainer, in view of the liberal rule imposed by Rem. 1915 Code, § 303, as to amendments.

Appeal from a judgment of the superior court for King county, Smith, J., entered May 13, 1915, upon findings in favor of the plaintiff, in an action to enforce a trust agreement, tried to the court. Modified.

*Milo A. Root*, for appellants.
*Alfred Gfeller*, for respondent.

Ellis, J.—Plaintiff, as trustee of the Rodgers & Kohler Company, a corporation, brought this action to recover a balance of a collection made by defendant, Isaac J. Kohler, as attorney, claimed as an asset of the corporation, and to enforce the surrender of the stock of defendants in the corporation preparatory to a final settlement of the trusteeship, which arose as follows:

Charles W. Rodgers and wife and defendants, Isaac J. Kohler and his son, Ineson J. Kohler, and wife, owned all the stock of the corporation. In the summer of 1911, irreconcilable differences having arisen between the Rodgers and Kohler interests, Rodgers brought a suit in the superior court of King county for the appointment of a receiver to wind up the affairs of the corporation. A receiver was appointed, but before he had qualified, all the parties and their attorneys signed a stipulation that all of the books and assets of the corporation be transferred and assigned to C. R. Jensen, as trustee, to divide among the parties the physical assets as specified in the stipulation, collect all accounts not assigned to Rodgers in satisfaction of a claim of $1,479.72 held by him against the corporation, and divide the proceeds among the parties share and share alike, all stock certificates

to be delivered to the trustee for cancellation, the trustee to receive for his services $25 a week to be paid from the assets.

On August 16, 1911, pursuant to this stipulation, the Rodgers & Kohler Company, by its president and secretary, executed to C. R. Jensen, plaintiff herein, a transfer in the nature of an assignment in trust, conveying all the right, title and interest of the corporation "to all stock in trade, goods, merchandise, machinery, tools, books, leasehold premises and effects; also all its right, title and interest in and to all debts and sums of money now due and owing to said corporation, whether the same be by bond, bill, note or account or otherwise," to be held for the benefit of the stockholders and disposed of according to the above mentioned stipulation. Jensen accepted the trust and the receivership action brought by Rodgers was dismissed. Jensen at once proceeded to collect the accounts, and had distributed the proceeds and other assets pursuant to the stipulation, except the proceeds of the Rounds & Company claim hereinafter mentioned.

In November, 1911, the Kohlers began an action against the trustee and Rodgers to restrain the trustee from further action and for an accounting. Defendants in that action demurred to the complaint, and the matter so stood until in January, 1913, when the Kohlers, through their attorney, dismissed that action without prejudice.

Prior to the transfer of the assets to the trustee, the corporation had placed in the hands of Kohler, Sr., who is an attorney, a claim of $717.38 due to it from E. J. Rounds & Company, a bankrupt concern, for collection, paying him a retainer of $50. On taking over the assets, Jensen permitted him to retain this claim for collection. Proceeding in the Federal court in which the bankrupt matter was pending, Kohler, Sr., shortly before the dismissal of the above mentioned injunction suit, succeeded in collecting from the bankrupt and its bondsmen the face of this claim. Deducting $200 as his fee for the collection and $22.50 for expenses, he paid

to himself, and to Ineson J. and Pearl Kohler, as stockholders of the Rodgers & Kohler Company, $333.82, and sent Jensen a check for $161.06 as Rodgers' share. Jensen demanded that the full amount of the collection be turned over to him as trustee, and demanded that the Kohlers deliver to him their certificates of corporate stock. Both demands were refused. Jensen, about a month after the dismissal of the injunction suit, cashed the check, and in July, 1913, commenced this action to collect the balance of $556.32 from the Kohlers and to secure a surrender of their stock certificates. In this cause of action all the foregoing matters were alleged. For a second cause of action, the trustee charged that the Kohlers had instituted the injunction suit in November, 1911, maliciously and to embarrass the trustee in the performance of his duties, compelling him to incur a liability of $150 for attorney's fees, which sum he asked as damages.

Defendants jointly demurred to the complaint on grounds, among others, that the complaint stated no cause of action and that the two alleged causes of action were improperly united. The court overruled the demurrer except as to the last mentioned ground, whereupon plaintiff asked and was granted leave to abandon and strike out the second cause of action.

Defendants jointly answered, denying that plaintiff had divided the assets, except the proceeds of the Rounds claim, in accordance with the trust agreement, denying that defendants had converted the proceeds of the Rounds claim, denying that they had refused to surrender their stock certificates, and alleging as a first affirmative defense that, at the time of the collection of the Rounds claim, the affairs of the Rodgers & Kohler Company had been wound up, that plaintiff for a long time had been employed by Rodgers and had been working in the interest of Rodgers and against the interests of the trusteeship, and that he had paid to himself from the trust funds $250 to which he was not entitled. As a second affirmative defense, defendants alleged that, on the

dismissal of their suit for an injunction and an accounting, it was stipulated between the parties by their attorneys in that case that Rodgers and the trustee, in consideration of such dismissal, would release any and all claim to the proceeds of the Rounds claim sued for in the present action. Defendants' prayer was simply for a dismissal of the present action.

The court found the facts substantially as alleged in the complaint and concluded, as matters of law, that plaintiff, having received $161.06 of the proceeds of the Rounds collection, was entitled to have turned over to him as trustee $533.82, being the balance of that collection less $22.50 costs and expenses of the collection proceedings; that $333.82 of this sum was withheld by and should be turned over by Isaac J., Ineson J., and Pearl Kohler, and $200 was withheld by and should be turned over by Isaac J. Kohler individually; that all of defendants should be required to surrender their certificates of stock in the corporation. Decree went accordingly. Defendants appeal.

We shall consider appellants' contentions in their logical order. It is claimed that, the action being for specific performance of the trust agreement, the complaint stated no cause of action, and particularly none against Kohler, Jr., and wife, in that there was no allegation that appellants, at the time this action was commenced, had in their possession the money claimed. Appellants, however, jointly answered and proceeded to trial on the merits. In such a case, the complaint will not be narrowly scanned for defects. *Johnson v. Johnson*, 66 Wash. 113, 119 Pac. 22. The evidence cured any insufficiency of the complaint in this particular. The statement of Kohler, Sr., transmitting to respondent the $161.06, which is in evidence, stated that he had collected the money and indicated that he had turned over to Kohler, Jr., at least some part of it. There was no evidence that he had otherwise parted with any of the money. Appellants were all parties to the stipulation, which provided that

all the assets of the corporation should be turned over to the trustee for administration. In the face of the stipulation, none of the appellants had any right to retain any of the assets and divide them among the stockholders. That is the office of the trustee until he has finally accounted or has been removed.

It is insisted that the court erred in refusing to allow appellants to show the length of time in which the trustee could properly have performed his services, that he did not perform those services in good faith, but was guilty of partiality and made excessive and improper charges for services. While it is true these things were charged in appellants' first affirmative defense, the issues were narrowed to the single question of the Rounds & Company collection when respondent, in response to appellants' demurrer to the complaint, struck from the complaint the second cause of action. That part of the complaint tendered the very issue which appellants sought to try. The court was of the opinion that the issues thus narrowed did not involve the conduct of the trustee in his administration of the trust, and that these were matters which could only be litigated in an action against the trustee for an accounting. In this we think the court was right. Appellants, by their own action, having forced the elimination of this matter from the complaint could not insist upon litigating it under their answer. The issues were narrowed at their own instance.

Appellants also contend that the evidence clearly sustained their second affirmative defense and showed that, on the dismissal of their suit for an injunction and an accounting against the trustee, it was the understanding between the attorneys for both parties in that action that the trustee and Rodgers would forego all claim to the money claimed by respondent in this action. The evidence as to such an understanding was in the sharpest conflict. We shall not review it in detail. There is no claim that any such stipulation was made in open court and entered upon the court's minutes or

that it was reduced to writing, as required by Rule X of the superior courts. See rules in volume 82 Washington Reports. The trial court made no findings on this subject and, so far as the record shows, none was requested. On the record before us, we are not warranted in finding that any such agreement was made.

Appellants further claim that, in any event, under Rem. 1915 Code, § 136, Kohler, Sr., was entitled to a lien on the money and stock certificates in his hands and could not be compelled to surrender either until his fees were paid. He was a party to and signed the stipulation agreeing to turn over to the trustee "all debts and sums of money now due and owing to said corporation, whether the same be by bond, bill, note or account or otherwise." If he intended to claim an attorney's lien in the Rounds' account, which was then in his hands for collection, he should have so stipulated. He had already received a retainer of $50 when he signed that stipulation. It is not claimed that he had a contract for a greater sum or any contract lien for any sum. By failing to reserve a lien in the stipulation, he waived the right to claim such lien thereafter. *State v. Lucas,* 24 Ore. 168, 33 Pac. 538. In *Davis v. Bartz,* 65 Wash. 395, 118 Pac. 334, we sustained a similar waiver of a mechanics' lien. Having no lien by contract and having waived his right to the statutory attorney's charging lien by signing the stipulation, Kohler, Sr., had no right to retain any part of this money under a claim of lien.

But it is urged that, if the charges made for his services were claimed to be excessive, respondent should have pursued the summary method provided by Rem. 1915 Code, §§ 137, 138, to have the matter adjusted. But the statute does not declare this summary remedy exclusive. Respondent had the right to maintain an action to enforce the trust agreement against the parties to that agreement.

One question remains. At the trial appellant Kohler, Sr., sought to prove what services he performed in making the

Rounds & Company collection and the reasonable value of such services. Respondent objected on the ground that no such issue was tendered by the answer. The objection was sustained. Appellant then asked leave to amend the answer to meet this objection. The request was denied. Whether or not a trial amendment shall be permitted is a matter resting largely in the discretion of the trial court, but in this case it is obvious that the amendment could not have resulted in prejudicial surprise. Respondent knew from the beginning that Kohler, Sr., claimed an attorney's fee for the service rendered in addition to the retainer he had already received. Under the liberal rule imposed by the statute, Rem. 1915 Code, § 303, we think the refusal to permit the amendment was an abuse of discretion. But it does not follow that the judgment should be reversed and a new trial ordered. The other issues were clearly made, fairly tried, and correctly decided.

The cause is remanded with direction to permit the amendment of the answer, take evidence as to the services performed and their reasonable value, determine the amount of the fee which should be allowed and, if this be found to exceed the sum of $50 already paid, reduce the recovery against Isaac J. Kohler in the amount of such excess, but in no event shall such reduction exceed the sum of $200 claimed. Neither party may recover costs in this court.

MORRIS, C. J., FULLERTON, MOUNT, and CHADWICK, JJ., concur.