[Civ. No. 2105. First Appellate District.—July 9, 1917.]

MATTHEW A. HARRIS, as Special Administrator of the Estate of E. S. Chandler, Deceased, Respondent, v. THOMAS W. ROBINETT, Appellant.

PLEADING—ACTION FOR GOODS SOLD—AMENDMENT OF COMPLAINT—ADDITION OF CAUSE OF ACTION ON ACCOUNT STATED.—In an action to recover upon an assigned claim for merchandise sold and delivered, there is no error in allowing an amendment to the complaint by adding thereto a cause of action upon an account stated, where both causes of action refer to the same transaction and each is for the recovery of the same indebtedness arising therefrom.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellant.

Charles S. Peery, and R. H. McGowan, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action brought to recover upon an assigned claim for merchandise sold and delivered. The original complaint was for the recovery of $1,035.38, claimed to be due the plaintiff's assignor as a balance upon an open book account. The plaintiff recovered judgment upon that complaint and the issues joined thereon; but upon appeal said judgment was reversed and a new trial ordered. (*Chandler* v. *Robinett*, 21 Cal. App. 333, 334, [131 Pac. 891].) Upon

the retrial of the case the plaintiff, over the defendant's objection, was permitted to amend his complaint by adding a second count thereto alleging an account stated. The judgment was again in plaintiff's favor, and from it the defendant has again appealed.

The first contention urged by the appellant is that the court erred in permitting the plaintiff to amend his complaint by adding to it a cause of action on an account stated, upon the ground that this constituted a new cause of action, against which the statute of limitations had run.

We find no merit in this contention. It is admitted that both the original complaint and the amendment thereto refer to the same transaction, and that each is for the recovery of the same indebtedness arising out of said transaction. This being conceded, no new cause of action is stated by the amendment to the original complaint. (*Union Lumber Co.* v. *J. W. Schouten & Co.*, 25 Cal. App. 80, [142 Pac. 910]; *Born* v. *Castle*, 22 Cal. App. 282, [134 Pac. 347]; *Bogart* v. *Crosby*, 91 Cal. 278, [27 Pac. 603]; *Smullen* v. *Phillips*, 92 Cal. 408, [28 Pac. 442].)

The next contention of the appellant is that the evidence is insufficient to sustain the findings and judgment. In support of this contention the appellant devotes much space to a discussion of the evidence in the case; but after a careful reference to the portions of the record to which his various strictures are directed we are satisfied that there is in each instance sufficient evidence to support the findings and judgment of the trial court; and that the numerous objections made during the trial to the introduction of such evidence were not well taken. Without reviewing in detail these alleged deficiencies and errors, it will be sufficient to say that in our opinion upon the second trial of the cause the court avoided or corrected the errors which led to a reversal of this case upon the former appeal.

Judgment affirmed.

Beasly, J., *pro tem.*, and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 8, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 6, 1917.