Argued April 3, remanded with directions April 29, 1919.

## NEILSON v. TITLE GUARANTY & TRUST CO.

(180 Pac. 517.)

**Pleading—Answer—Evidentiary Matter.**

1. In suit to compel the application of municipal warrants to satisfaction of certain judgments, where answer of certain defendants alleged partnership with judgment debtor and interest in the warrants, the making of an order requiring such answer to be made more definite by setting forth nature, character, and amount of consideration or capital furnished by each partner was error; such details being merely evidentiary.

Pleading—Order Striking Out Answer—Failure to Make More Definite—Service of Order.

2. Where order required answer to be made more definite by amendment made within stipulated time from service of order upon defendants, it was error to strike answer from files upon defendants' failure to amend answer, where order was never served upon them.

Pleading—Answer—Amendment—Unintentional Denial.

3. In application to compel application of municipal warrants to satisfaction of certain judgments, where complaint alleged that certain defendants claimed an interest in the warrants, the court erroneously refused such defendants permission to amend their answer so as to admit such allegations instead of denying them; it being apparent that such denial was unintentional.

From Multnomah: George W. Stapleton, Judge.

Department 1.

This is a suit to compel the application of certain municipal warrants of the City of Rainier to the satisfaction of certain judgments, and to determine the rights of the several litigants in and to such warrants. The history of the involved transactions, as developed by the record, is about as follows: In the year 1909, the defendant Masters entered into a contract with the City of Rainier for the paving of certain streets, in which contract the defendants Howard and Moody were silent partners with Masters. When the work was completed a controversy arose between Masters and the city as to the balance due under the contract. Thereupon in June, 1917, Masters began an action in the federal court against the city to recover an alleged balance of $13,180, in which he obtained a judgment for the amount claimed. In 1911, after the cessation of work upon the municipal contract above mentioned, Masters entered into a contract with the plaintiff Neilson whereby he undertook to clear, plow, and prepare certain lands near Mosier, Oregon for the planting of an orchard. To insure the performance of the work Masters gave Neilson an undertaking with the defendant Title Guaranty & Surety Company as surety.

Masters began work upon this contract, but later abandoned it, and left the state, and Neilson began litigation against Masters and the Title Guaranty & Surety Company, in which he sought to recover damages for the breach of the contract. This action was twice tried in the Circuit Court, resulting both times in judgments in favor of Neilson, and each time the judgment was reversed upon appeal: 72 Or. 463 (143 Pac. 1132, and 81 Or. 422 (159 Pac. 1151). Thereafter Neilson prosecuted his action against Masters only, securing service of summons by publication, and a judgment by default. The Title Guaranty & Surety Company also began action against Masters, in which it sought to recover the moneys expended by it in the litigation above referred to. In this case also, the service of summons was by publication, and the judgment went by default. When each of these last-mentioned actions was begun, the action of Masters against the City of Rainier was pending and undisposed of, in the federal court. In the case of *Neilson* v. *Masters,* the substituted service of summons was based upon an affidavit, which alleges:

"That a cause of action exists in favor of the plaintiff and against the defendant above named, and the subject of the action is to recover damages for the breach of that certain contract wherein defendant promised to clear and plow Lots 1 to 12 inclusive, of Buena Vista Orchards, situated in Mosier, Wasco County, Oregon, and that the defendant has caused a writ of attachment to issue out of the above-entitled court to the Sheriff of Columbia County, and that the said Sheriff has duly attached any and all moneys due or owing from the City of Rainier to the defendant above named. That said debt due from the said City of Rainier, to the defendant herein, is now the subject of certain litigation now pending in the United States District Court for the District of Oregon."

This allegation is followed by a detailed statement of the facts constituting the cause of action, and averments which go to show that the defendant is not within the State of Oregon, but resides and is within the State of Washington. The only reference to any property in Oregon, belonging to the defendant is in the quotation above set out.

In the case of *Title Guaranty & Surety Company* v. *Masters,* the affidavit upon which the order for publication of summons is based, is too long to be set out here, but it contains, after a recital of the facts constituting the cause of action, allegations that the defendant was not within the State of Oregon, and was a resident of Glennie, Alcona County, Michigan, at the date of making the affidavit, and that service of summons could not be had other than by publication. The affidavit is silent as to whether or not the defendant has any property within the State of Oregon.

The complaint in the instant case, after reciting the rendition and docketing of plaintiff's judgment, including a judgment against the City of Rainier, as garnishee defendant, alleges that plaintiff took the necessary steps to entitle him to demand a warrant for the amount of his judgment, from the City of Rainier, and made such demand, which was refused. There is then set out the substance of certain proceedings in *mandamus* which were had by the plaintiff in the case of *Masters* v. *City of Rainier,* in the federal court, to compel the city to issue to that plaintiff warrants in satisfaction of his judgment theretofore obtained in that court, and that it was agreed between the several judgment creditors already named, by their several attorneys, that Neilson and Title Guaranty & Surety Company would recognize the prior right of the defendant R. C. Nelson and R. C. Wright, attorneys for

Masters, to the sum of $4,426.15 as attorneys' fees in the federal court litigation, and that Neilson and the Title Guaranty & Surety Company should assert the claims of their judgments only as to the balance of the money paid by the city in satisfaction of Masters' judgment against it. The City of Rainier and the defendant Nelson also entered into an agreement in pursuance of the foregoing understanding, that the city should issue three warrants, payable to R. C. Nelson, as attorney for Masters, in the respective amounts of $4,426.15, $6,704.25, and $2,049.95, to be delivered to the clerk of the federal court, who should deliver them to Nelson to be by him held in trust for the benefit of the several parties and whomsoever else might have any interest in them. It is further averred that Nelson still holds the warrants, and refuses to assign them to the other parties to the agreement, in accordance with the terms thereof, although all the precedent conditions have been performed.

The only place in the complaint wherein the appellant, Moody, is mentioned, is paragraph XI, which reads thus:

"XI.  Plaintiff further alleges that he has been informed and believes, and upon such information and belief alleges that the defendants Moody and Howard now assert and claim to have some interest in the warrants thus issued by said City of Rainier in satisfaction of said judgments, but plaintiff is unable to state the exact interest or claim alleged or asserted by said defendants therein, and plaintiff is further informed by defendant Nelson that his refusal to deliver said warrant to plaintiff is by reason of said claim made upon him by said defendants Moody and Howard."

The prayer asks that defendants Howard and Moody answer and set up the exact claim or interest which they may have in the warrant for $6,704.25, and

that such claim be decreed to be invalid; that defendants Masters and Nelson be decreed to have no interest in said warrant; that plaintiff be decreed to be the owner and entitled to the possession thereof; that Nelson be directed to deliver it to plaintiff in satisfaction of his judgment against Masters; that Title Guaranty & Surety Company be required to take the necessary steps to entitle them to the ownership and possession of the warrant for $2,049.95, and that Nelson be restrained from negotiating either of such warrants or disposing thereof, otherwise than as prayed in the complaint.

To this complaint, the defendants Moody and Howard answered jointly, admitting paragraphs 1 and 2 thereof, which allege the corporate character of the City of Rainer and Title Guaranty & Surety Company and meet the other allegations, including paragraph XI, *supra,* with a general denial. This is followed by an affirmative answer, in which it is alleged that these defendants and Masters entered into a special partnership relating to Masters' contracts for paving streets in Rainier, the terms of which are set out as follows:

"That, without any formal writing thereof and therefor, it was then and there mutually agreed by and between the defendants Masters, Howard and Moody that each of said three defendants should furnish and provide cash or valuable consideration to the extent of one third of the total capital required, or which should be required or used, to perform the aforesaid agreements thus executed by and between the said city and the defendant Masters for himself and these defendants. That the defendants Howard and Moody did perform their agreement with defendant Masters and with each other in respect to each providing his aforesaid proportion of capital for said undertaking with the City of Rainier."

It is then alleged that a subsequent arrangement was made between them whereby it was agreed that Masters and Howard should each have 20/53 interest in the business, and Moody 13/53.

Recitals follow, regarding the action prosecuted by Masters in the federal court in which they say Masters was acting for himself and as trustee for them; that after judgment was obtained therein, Masters and Howard assigned their interests in such judgment to defendant Moody, and that defendant Nelson had notice of such assignments. They concede that the warrant for $4,426.15 rightfully belongs to Nelson and Wright, and assert that the remaining two warrants belong to Moody, and pray for the dismissal of the suit.

On June 25, 1918, plaintiff filed the following motion:

"Comes now the plaintiff and moves the court for an order requiring defendants Howard and Moody to amend their amended answer and particularly paragraph II of their second further and separate answer therein, and to make the same more definite and certain.

"First: By setting forth in greater detail and in more specific terms the amount, if any, of cash capital or funds contributed or furnished by each of defendants Howard and Moody to defendant Masters, but if no cash was furnished or contributed by said defendants, or either of them, but in lieu thereof valuable considerations were furnished or contributed, then to set forth the exact nature of such valuable considerations, and further to set forth when and where such valuable considerations or said cash were furnished to said Masters.

"Second: Plaintiff further moves the court to require said defendants to amend said paragraph and to make the same more definite and certain by setting forth whether the notices or information to said City of Rainier as pleaded in lines 26 to 28 of page 3, and

lines 1 to 4 of page 4 of said amended answer were in writing, and if so by whom and to whom, or to what officer or agent of said City the same were given, and the dates of delivery of such notices or information."

On June 28, 1918, plaintiff filed this motion:

"Comes now the plaintiff and moves the court for an order requiring defendants Howard and Moody to amend their amended answer, particularly paragraph II of their second further and separate answer therein, and to make the same more definite and certain in this, by setting forth in greater detail and in more specific terms, and to state definitely whether or not the defendants Howard and Moody were to provide cash, and if so, how much, or whether the defendants Howard and Moody were to provide other valuable considerations, and if so, the nature and extent and character of such valuable considerations, and whether such valuable considerations consisted of services and labor or material; also to state in greater detail and in more specific terms the exact nature, kind, character and description of the capital provided or furnished by each of said defendants in said undertaking of said Masters with said City of Rainier.

"The purpose of this motion being to require said defendants to state in exact and definite language and terms whether or not said defendants Howard and Moody furnished the said Masters cash, and if so, how much, or whether said defendants furnished labor, material or services, and if so, the kind, character and nature thereof, and value of the same to the end that plaintiff may reply to said answer."

And on June 29, 1918, the court made the following order:

"The above cause coming on to be heard upon motion of plaintiff's attorney for an order requiring defendants Howard and Moody to amend certain portions of paragraph II of their second, further and separate answer, and to make the same more definite and certain, and the court having considered the same, it is by the court

"ORDERED, that said paragraph II, and particularly the allegations therein contained in lines 26, 27 and 28, of page 3, and lines 1, 2, 3, and 4 of page 4, and make the same more definite and certain by setting forth therein to whom or to what officer or agent of said City of Rainier the notice or information of the rights, interests and ownership of the defendants Howard and Moody in and to parts of the payments, or consideration to be paid by said City of Rainier, was given, and that said amendment be made within five days from the date of this order."

And again, on July 3, 1918, the court made another order, as follows:

"The above cause this day coming on to be heard upon motion of the plaintiff by his attorney, to require the defendants Moody and Howard to amend paragraph II of their second further and separate answer as set forth in their amended answer herein, and to make certain allegations therein more definite and certain, and the court being fully advised therein, it is by the court

"ORDERED, that within five days from the entry of this order and service thereof upon them, defendants Moody and Howard be, and they are hereby required and ordered to amend their amended answer herein, and particularly paragraph II of their second further and separate answer, as herein pleaded, by setting forth therein the nature, character, and the amount of the consideration or capital furnished by each of said defendants Moody and Howard to their codefendant Masters, under their said agreement with defendant Masters, and to state whether such consideration or capital so furnished by each of said defendants Howard and Moody to said Masters consisted of cash, and if so, to state the amount of cash so furnished, but if said consideration or capital consisted of labor or materials, or other considerations, to state the amount, the value, and the character of such labor, materials or other considerations so furnished by each of defendants Howard and Moody to said Masters under the said agreement as set forth in paragraphs I and II of

their second and further separate answer contained in their amended answer.''

No service of this order has ever been made upon these defendants or their attorney. And no reply to defendants' affirmative answer has ever been filed.

The defendant Title Guaranty & Surety Company answered, admitting the allegations of the complaint, and, in turn, plead that they have a valid, unpaid judgment against Masters, and in substantially the same form as in the complaint, set out their right to have the warrant for $2,049.95 decreed to be the property of this defendant and decreeing that defendant Nelson assign the same to it.

Nelson also answers, in substance, that he has the warrants, claims to be the joint owner, with R. C. Wright, of the one for $4,426.15, and that he is ready to dispose of the others in accordance with the decree of the court.

The City of Rainier was permitted to intervene for the purpose, it appears, of protecting itself from any untoward accident as ''an innocent bystander.''

When the case was called for trial, on September 17, 1918, the plaintiff announced the death of defendant Howard, and moved for a dismissal as to him, and further moved the court to strike from the files the affirmative answer of the defendants Howard and Moody, for the reason that they had failed to amend the same by making it more definite and certain, in compliance with the order of the court. This motion was allowed by the court, and thereupon, the plaintiff moved for judgment upon the pleadings as against these defendants, for the reason that the affirmative answer had been stricken out, and the general denial, covering the allegations of paragraph XI. of the complaint, left these defendants without any interest in

the litigation.  This motion was also allowed.  At this point, the attorney for Howard and Moody applied to the court for leave to amend his answer by admitting paragraph XI of the complaint, which was refused. On September 20, 1918, defendant Moody filed a written motion, supported by the affidavit of his attorney, R. C. Wright, for leave to amend his answer by admitting paragraph XI of the complaint, urging that the denial thereof had been made inadvertently and unintentionally.  This motion was also denied.

The trial was had as between the other litigants, on September 17th, resulting in a decree in favor of plaintiff and defendant Moody appeals.

REMANDED WITH DIRECTIONS.

For appellant, N. M. Moody, there was a brief and an oral argument by *Mr. Robert C. Wright.*

For respondent, William Neilson, there was a brief over the names of *Mr. J. W. Kaste* and *Messrs. Bauer, Greene & McCurtain,* with an oral argument by Mr. *Kaste.*

For respondent, Title Guaranty & Trust Co., there was a brief presented over the name of *Mr. John K. Kollock.*

For respondent, City of Rainier, there was a brief presented over the names of *Mr. Fred W. Herman* and *Messrs. Norblad & Hesse.*

BENSON, J.—1. From the foregoing statement of facts, it appears that the court made and entered two orders requiring the defendants Moody and Howard to make their answer more definite and certain.  We shall refer only to the one made on July 3d, as that, being the later, superseded the earlier mandate.  The

plaintiff was not entitled to this order, and it was error to make it, since the allegation of partnership and the interests of the partners therein is clear and explicit and the additional details demanded, if of any value, are merely evidentiary: *Multnomah County* v. *Willamette Towing Co.,* 49 Or. 204 (89 Pac. 389).

2. Even if the order had been a proper one, it was error to strike the answer from the files for a failure to make the required amendment, for the defendants were not then in default, since the order itself directs that the amendment shall be made within five days from the service upon them of the order, and such service has never been had.

3. The defendant Moody should have been permitted to amend his answer by admitting the allegations of paragraph XI of the complaint. It does not require an affidavit to disclose the fact that this denial was unintentional. A mere reading of the further and separate answer establishes that fact beyond controversy.

It thus appears that the cause has never been tried upon any issue joined between the real adversaries herein, and the record is so incomplete that it must be sent back in order that the answer of the defendant, Moody, may be amended, and that replies may be filed to the affirmative matter therein.

It is doubtful whether the judgments upon which the claims of the plaintiff and defendant Title Guaranty & Surety Company are based, are valid and of sufficient force to support a decree, but, in the first instance, that question should be determined by the trial court. The cause is remanded for further proceedings not inconsistent herewith.

REVERSED WITH DIRECTIONS.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.