FOWLIS, Respondent, v. HEINECKE, Appellant.

(No. 6,574.)

(Submitted February 14, 1930.   Decided March 12, 1930.)

[287 Pac. 169.]

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Ayers & Ayers,* for Respondent, submitted a brief; *Mr. Robert C. Ayers* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Complaint was filed in this action on October 2, 1925, on open account. On October 8, 1925, answers were filed by defendants, and a demand was made upon plaintiff to furnish an itemized statement of the account. The plaintiff did not

furnish such statement, but filed a reply on April 1, 1926. The case was set for trial on February 24, 1927. On February 15, 1927, plaintiff made application to amend the complaint. This motion was granted, and the amended complaint was filed August 31, 1927. A second amended complaint was filed on January 9, 1928, based upon an account stated. Whether the first amended complaint was on open account or account stated we are not advised, since it is not before us. Issue being joined on the second amended complaint by separate answers and replies, the cause came on for trial on February 25, 1929. The cause was tried to the court without a jury. Judgment was entered for plaintiff against defendant William J. Heinecke, from which he appealed.

At the trial, the defendants interposed an objection to the introduction of any evidence under the second amended complaint upon the ground that it states a cause of action differing from that set forth in the original complaint, and that it was improperly amended after the time had elapsed within which to deliver a copy of the account as provided in section 9167, Revised Codes 1921. The propriety of permitting the filing of the second amended complaint under the circumstances here shown is the only question presented.

It is the contention of defendant William J. Heinecke that the order of the court granting leave to file the second amended complaint after the lapse of the five-day period mentioned in section 9167 served to defeat the purpose of the statute, and to deprive him of the benefits afforded by it.

Section 9167 provides: "It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within five days, or such further time as the court may allow, or may be agreed to by the parties, after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one delivered is too general, or is defective in any particular." The term "account" is used in

this section interchangeably with "items of account." . (*Moran* v. *Ebey*, 39 Mont. 517, 104 Pac. 522.)

As applied to this case, the statute required plaintiff to deliver to defendants a copy of the items of the account. This not having been done, plaintiff was precluded from giving evidence of such items. But the statute does not preclude the introduction of evidence showing an account stated. In fact, in an action on an account stated, the provisions of this section have no application. (*Martin* v. *Heinze*, 31 Mont. 68, 77 Pac. 427.)

The penalty under the statute for failure to furnish the items of the account, when applied to the facts here shown, is limited to depriving the party of the right to introduce evidence of the items of the account. There is no prohibition in the statute against the introduction of evidence on a stated account.

On the record here presented, the statute of limitations had not run against the account stated at the time of the filing of the second amended complaint (*O'Hanlon Co.* v. *Jess*, 58 Mont. 415, 14 A. L. R. 237, 193 Pac. 65), and plaintiff could have dismissed his original action and filed a new complaint, as for an account stated, and defendants would have had no cause to complain. Furthermore under the decisions of this court, plaintiff could have proven the cause of action on open account by proof of the account stated. (*Roy* v. *King's Estate*, 55 Mont. 567, 179 Pac. 821; *Rogers-Templeton Lumber Co.* v. *Welch*, 56 Mont. 321, 184 Pac. 838; *Mutch & Young* v. *Powers*, 63 Mont. 437, 207 Pac. 621.)

Section 9187 authorizes the court "in furtherance of justice" to permit any pleading to be amended "by adding or striking out the name of any party or by correcting a mistake in the name of a party, or a mistake in any other respect," and the court may allow an amendment to any pleading "in other particulars." Generally speaking, the authority to allow amendments is reposed in the sound discretion of the trial court. (*Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601). And it is the rule to allow, and the exception to deny, amendments.

(*Cullen* v. *Western Mortgage & Warranty Title Co.*, 47 Mont. 513, 134 Pac. 302.)

"In an action to recover upon a claim for goods sold and delivered, an amendment adding a cause of action upon an account stated may be allowed where both causes of action refer to the same transaction and each is for the recovery of the same indebtedness arising therefrom." (21 Cal. Jur. 202.) And this may be allowed as against the contention that the amendment introduces a new cause of action against which the statute of limitations has run. (*Harris* v. *Robinett*, 34 Cal. App. 282, 167 Pac. 197; *Union Lumber Co.* v. *Schouten & Co.*, 25 Cal. App. 80, 142 Pac. 910.)

The second amended complaint was filed more than one year before the case was tried, and thus defendants had ample time and opportunity to prepare for trial on the issues raised by it and the subsequent pleadings.

We cannot say that the court abused its discretion in permitting the second amended complaint to be filed, or that it erred in permitting the introduction of evidence to support it.

We have considered the question presented upon the merits, though, under the record, we might have reached the same conclusion for the additional reason that the record does not contain the objections, if any, to the filing of the second amended complaint; nor does it show that a motion was made to strike it from the files. The rule is that if no objections are made to the filing of an amended pleading, and no motion is made to strike it from the files, the objections are waived by answering. (21 Cal. Jur. 246.)

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.