STATE ex Rel. PARAMOUNT PUBLIX CORPORATION, Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 6,895.)

(Submitted June 26, 1931. Decided July 6, 1931.)

[1 Pac. (2d) 335.]

*Mr. Harry Meyer*, for Relator, submitted a brief and argued the cause orally.

*Mr. William T. Pigott* and *Mr. F. S. P. Foss,* for Respondents; *Mr. Pigott* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an original application for a writ of supervisory control. An alternative writ was issued. The respondents appeared by general demurrer to the petition, and the matter was regularly brought on for argument upon the merits.

It appears that George R. Cummings died on November 30, 1929, and that on December 14, 1929, Mrs. Albert Anderson was regularly appointed administratrix of his estate, and ever since has been, and now is, the duly appointed, qualified, and

acting administratrix of such estate, which is now regularly in process of administration in Dawson county. On December 14, 1929, the administratrix published notice to creditors, requiring claims against the estate to be presented within four months after the first publication. The attorney for relator filed its claim against the estate, being under "the impression that notice to creditors had been given, but not informed and did not know when the time for publication expired," and "he was not advised of any action upon said original claim until some time in June, 1930, at which time said claim was rejected, and he was not notified of the reason of the rejection of said claim, and thereafter commenced an action in the district court" of Silver Bow county, "based upon said claim, and did not know of the defect or reason for the rejection of said claim until the end of April, 1931," after he had requested a trial of the action.

Pursuant to an order of the court made and entered July 14, 1930, first publication of a second notice to creditors was had on July 17, 1930, requiring creditors to present their claims against the estate within ten months. The action on the claim was set for trial May 4, 1931, but continued at the request of the administratrix until May 18, 1931, "the day after the expiration of notice to creditors." On or about the twelfth day of May, 1931, the attorney for the relator discovered that the original claim was rejected "because the copies of the contracts were not attached, and examined the statute and discovered it was necessary to attach copies of the contracts to the claim." Some time prior to February 2, 1931, the relator, through its attorney, filed an amended claim with the administratrix, based upon the same contracts, there being no copies of the alleged contracts attached thereto. It was rejected by the administratrix February 2, and filed with the clerk on April 7, 1931. The relator did not learn of the second publication of notice to creditors until May 12, 1931, five days prior to the expiration of the time permitted for the presentation of claims against the estate, nor that it was necessary to attach exact copies of the contracts to its claim made against the estate, and

on May 16, 1931, one day before the bar of the statute of nonclaim, presented to the administratrix an amended claim against the estate, with copies of contracts attached, which were not true and correct copies of the contracts made the basis of the claim. This claim was disallowed by the administratrix on June 1, 1931, and filed with the clerk of the court on June 9, 1931.

On June 9, 1931, more than a month after the lapse of the time permitted for the presentation of claims according to the second publication of notice to creditors, the relator filed with the court a motion to be permitted to amend its amended claim against the estate by attaching true and correct copies of the contract upon which the claim against the estate is predicated. The matter was argued and presented to the court on June 13, 1931, and by the court taken under advisement until June 17, 1931, when the motion was denied. Hence this proceeding.

The only question presented for decision is whether the court was in error in denying the relator's motion to amend its claim against the estate after the lapse of the time prescribed by law for the presentation of claims.

So far as here pertinent, our statute provides: "All claims ▮ arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever." (Sec. 10173, Rev. Codes 1921.) "If the claim be founded on a bond, bill, note, or other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, unless it be lost or destroyed, in which case the claimant must accompany his claim by his affidavit, containing a copy or particular description of such instrument, and stating its loss or destruction." (Id., sec. 10177.) These statutory requirements are mandatory, unambiguous, and as plain as it is possible to express them.

By the terms of section 10177, a claim against the estate of a decedent, founded upon a writing which is neither lost nor destroyed, must be accompanied either by the original or a

copy of it when presented to an executor or administrator for allowance, and, where not so accompanied, it is proper for the executor or administrator to reject it. (*Burnett* v. *Neraal,* 67 Mont. 189, 214 Pac. 955, 956.) ''Compliance with these provisions involves no difficulty, and a court cannot say that anything less than substantial compliance upon the part of the claimant meets the requirements." (*Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772, 773.) ''The reason for the rule is apparent. It is for the benefit of the estate. Both the form and the substance of the written instrument should be made known to the legal representative of the estate when the claim is presented. In many cases he would be unable otherwise to pass upon the claim intelligently. That an inspection of the original might frequently become material is obvious also." (*Burnett* v. *Neraal,* supra.)

It is true that the same pictures, and the same prices therefor, are found in the contracts which are the foundation for the amended claim, and the proposed amended claim; but the amended claim is no claim without the contract or contracts upon which it is based, and, as the contracts do not support it, the administratrix was compelled to reject it. Now the proposed amended claim is founded upon claims different in form and substance from those appended to the amended claim. It will not do to pick out portions of two different contracts, disregarding other important features of the different contracts, and say they support the claim. The claim has no validity without the contract upon which it confessedly must be based. By no stretch of the imagination can it be said that the contracts are substantially the same.

To the amended claim, filed timely, are attached seven contracts. One gives the names of 33 photoplays with prices; a second gives the names of 28 photoplays with prices; a third gives the names of 10 photoplays with prices; a fourth gives the name of 1 photoplay with price; a fifth describes 24 Christie two-reel talking plays, 6 Paramount two-reel talking plays, 32 Paramount one-reel acts; 18 Paramount one-reel screen songs; 6 Paramount talker-tones; with prices. A sixth

relates to a picture called "Why Bring That Up," Moran & Mack "The Two Black Crows," with price, and specifications as to what shall be charged for admission (found in no other contract except this, and the one to be mentioned next); a seventh relates to a photoplay called "Welcome Danger," a Harold Lloyd production with price and restrictions as to the admission. To the amended claim proposed to be filed after the bar of the statute, five contracts are attached: The first gives the names of 8 photoplays with prices; the second of 10 photoplays with prices; the third 12 photoplays with prices; the fourth 10 photoplays with prices; the fifth 24 Christie two-reel plays with prices, 6 Paramount two-reel talking plays, 32 Paramount one-reel acts, 18 Paramount one-reel screen songs, 6 Paramount one-reel talker-tones. None of the photoplays named in the claim can be found in consecutive order in any of the contracts, and the following named photoplays are not specifically named either in the contracts attached to the claim filed in time, or to the contracts attached to the proposed amended claim, namely: "Saturday Night Kid, High Heels, Chinatown My Chinatown, Dangerous Females, Faro Nell, Brown Gravy, Weak but Willing, Marching to Georgia, Red Headed Hussy."

It would too greatly extend this opinion to point out the great differences which exist between the contracts embodied on the printed forms in the amended claim rejected June 1, 1931, and the copies of the contracts now proposed to be filled after the bar of the statute. Suffice it to say that the contracts appended to the amended claim are widely different in form and substance in many important particulars from those appended to the proposed amended claim.

Here the claimant was presumed to have known the law, and that it was incumbent upon it to accompany its claim with copies of the contracts upon which the claim is predicated. It had knowledge that the estate was in process of administration and made timely presentation of its claim, although not in correct form. It attempted to make amendment of its claim before the bar of the statute so as to attach copies of

the contracts as by law required, but admittedly failed to attach correct copies. Where a creditor attempts to present his claim for allowance, and for some reason it is not in proper form, no valid ground suggests itself as to why he may not be permitted to present it again in due form, provided he does so before the lapse of the time prescribed for the presentation of claims. (*Lindsay* v. *Hogan,* 56 Mont. 583, 185 Pac. 1118.) But where a substantial amendment is attempted after the bar of the statute, it comes too late, more particularly where, as here, the contract basis on which the claim is predicated is attempted to be materially altered. Neither the court nor the administratrix can waive the statutory requirements by permitting the filing of a claim after it has become barred for failure to present it, nor an amendment of a claim presented after the lapse of the statutory time for presenting claims by setting up a contract different from the one on which it was originally based. It would amount to giving recognition to the filing of a new claim after time, which cannot be allowed under the circumstances presented in this case. The administratrix has no power to waive these mandatory provisions of the statute, nor may the court authorize her to do so. (*Dillabough* v. *Brady,* 115 Wash. 76, 196 Pac. 627.) A condition precedent to recovery on a claim presented to the administratrix, and by her rejected, is that it must be based on the claim as presented, and cannot give support to any other cause of action. (Sec. 10180, Rev. Codes 1921; *Vanderpool* v. *Vanderpool,* supra; *Ullman Co.* v. *Adler,* 59 Mont. 232, 196 Pac. 157; *Estate of Hildebrandt,* 92 Cal. 433, 28 Pac. 486; *Lichtenberg* v. *McGlynn,* 105 Cal. 45, 38 Pac. 541; *Barthe* v. *Rogers,* 127 Cal. 52, 59 Pac. 310; *Etchas* v. *Orena,* 127 Cal. 588, 60 Pac. 45; *Stockton Sav. Bank* v. *McCown,* 170 Cal. 600, 150 Pac. 985.) To permit the plaintiff to come in with another amendment of its claim with a different contract after the lapse of the statutory period is, in our opinion, beyond the jurisdiction of the court.

In support of its position, the relator relies upon a decision of the district court of appeals, third district of California, in

the case of *Davis* v. *Superior Court*, 35 Cal. App. 473, 170 Pac. 437, under identical statutes. But in that case it is noteworthy that, while a copy of the contract made the basis of the claim, timely presented, was not physically attached to it, a copy of the contract was transmitted to the executrix under separate cover at the time the claim was mailed to her. In the opinion, the court pertinently observed: "It need hardly be stated, that a different question would arise if the proposed amendment introduced a new or substantially different claim."

However, on the authority of *Roche Valley Land Co.* v. *Barth*, 67 Mont. 353, 215 Pac. 654, 655, it is argued that the notice to creditors is insufficient under section 10170, Revised Codes 1921, in not more specifically designating the place of residence or of business of the administratrix. The statute (sec. 10170) requires that the notice to creditors of the estate shall require all persons having claims against the decedent "to exhibit them, with the necessary vouchers, to the executor or administrator, at the place of his residence or business, to be specified in the notice." The notice here states that claims against the estate are to be presented "at the office of F. S. P. Foss, Glendive, Montana." In the *Barth Case* it was said that "while no hard and fast rule can be laid down, the statute will not be satisfied unless the executor or administrator in his notice describe his place of residence or business with sufficient particularity so that a reasonable person may easily identify it." In that case, the notice simply stated that claims should be presented "to the executor or executrix at the city of Billings, in the county of Yellowstone, state of Montana." It was held insufficient, not being sufficiently specific, the city of Billings having a population of over 15,000 inhabitants. With respect to the notice before us, however, creditors are advised to present their claims at a specific place in Glendive, viz., the office of F. S. P. Foss. Foss is the attorney for the estate, and Glendive has a population considerably under 5,000. We do not think a reasonable person would have any difficulty in finding the place. The plaintiff does not appear to have been in any manner misled.

It would have been more in keeping with the purpose of the statute had the notice described the office of F. S. P. Foss, as a "law office," or given a more specific reference. However, under the circumstances in this case, the notice is, in our opinion, sufficient.

For the reasons stated, the writ is denied and the proceeding dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE MATTHEWS concur.

MR. JUSTICE ANGSTMAN, Dissenting: My inability to agree with the conclusion announced in the majority opinion is not grounded so much upon the statement of the legal principles discussed, as upon their application to the facts of this case. The amended claim that was presented to the administratrix specified the names of the pictures for which payment had not been made, and on which the claim was based. All are based upon contract of August 14, 1929. The pictures specified, and the amount due for each, were as follows: Mysterious Dr. Fu Manchu, $100 and recording charge of $22.50; Illusion, $125.50 and recording charge of $22.50; The Greene Murder Case, $60 and recording charge of $15; Charming Sinners, $50 and recording charge $15; Ladies Choice, $15; Dangerous Females, $15; Faro Nell, $15; Chinatown My Chinatown, $7.50; for expressage of Love Doctor, $2.95; for advertising on Glorifying the American Girl, $2.85; for advertising on Brown Gravy, Weak but Willing, Marching to Georgia, and Red Headed Hussy, 68¢; expressage on The Virginian and Weak but Willing, $6.47; for advertising on Cocoanuts, $6.97, The Virginian, $1.74; Pointed Heels, $5.15; Saturday Night Kid, $7.07; making an alleged total of $396.41.

The pictures enumerated in the written contract sought to be substituted in lieu of the contract originally attached were also enumerated in the contract that was attached to the claim when presented. There is no effort being made to amend the claim in any respect, but only to substitute a correct copy of the contract for the erroneous copy presented to the administra-

trix with the claim. As above noted, the erroneous contract attached to the claim, as well as the corrected copy of the contract, both name the same pictures specified in the claim for which payment is sought. The erroneous contract named certain other pictures not embraced in the claim, and the corrected copy of the contract does likewise, and names some pictures not named in the erroneous contract, but none such are involved or embraced in the claim.

Also on the back of the corrected copy of the contract there is an arbitration clause not appearing in the erroneous copy presented with the claim. There are other minor discrepancies between the two contracts in respect to printed matter on the back of each, but all of the printed matter on both contracts is primarily for the benefit and protection of the claimant. The printed matter on the back of the contract does not appear to enter into the merits of the claim in question. The contract it is claimed, except for the payment of the pictures, has been fully executed.

With this statement of the facts as they appear, we then come to the law applicable thereto.

Section 9187, Revised Codes 1921, provides: "The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer, reply, or demurrer. The court may likewise, in its discretion, after notice to or in the presence of the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars; and upon like terms allow an answer to be made after the time limited by this code; and may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was

taken." The word "proceeding" as used in other statutes embraces probate proceedings (*State ex rel. Nissler* v. *Donlan,* 32 Mont. 256, 80 Pac. 244; *State ex rel. Goodman* v. *District Court,* 46 Mont. 492, 128 Pac. 913), and I think as used in section 9187 it embraces such proceedings as the presentation of claims against an estate. This court has held that section 9187 has application to probate proceedings. (*State ex rel. Hahn* v. *District Court,* 83 Mont. 400, 272 Pac. 525.)

"Statements of claims are generally subject to amendment, provided that substantial justice will be promoted thereby, that the cause of action embraced in the original statement is not changed, that new items are not added, and of course that the original statement contains allegations upon which an amendment may be predicated, such amendments being allowed either under the general statutes relating to amendments of pleadings or under special statutes applicable to claims of creditors in administration proceedings." (24 C. J., sec. 991, p. 354; and see 11 Cal. Jur. 710; 11 R. C. L. 198.)

Liberality should be exercised in allowing amendments to claims (*White* v. *Deering,* 38 Cal. App. 516, 179 Pac. 401) and the right of amendment is favored by the courts. (*Wise* v. *Outtrim,* 139 Iowa, 192, 130 Am. St. Rep. 301, 117 N. W. 264.) The rule is to allow amendment to pleadings, and the exception is to deny them. (*Fowlis* v. *Heinecke,* 87 Mont. 117, 287 Pac. 169.) And since a claim against an estate need not be set out with all the details required of a complaint (*Wunderlich* v. *Holt,* 86 Mont. 260, 283 Pac. 423), greater liberality should be exercised in permitting amendments to a claim than to a complaint, providing of course, that the amendment is germane to the claim as presented, and does not change its identity. And where a claim was originally filed in time, an amendment may be allowed after the time for presenting claims has expired, particularly where, as here, it does not increase the amount of the claim, and does not substitute a different claim for the same amount. (24 C. J., sec. 992, p. 354.)

I do not interpret the opinion in the case of *Davis* v. *Superior Court,* 35 Cal. App. 473, 170 Pac. 437, 439, as the majority

have. As I understand that case, there was no copy of the contract presented, either with the claim or separately, either attached thereto or otherwise. The court in that case said: "He prepared his claim in due form and verified it as required by law; he stated in his claim that a copy of the contract on which his claim rested was attached thereon 'marked Exhibit A'; the attorneys who prepared the claim directed their clerk to attach a copy of the contract to the claim and mail the claim to the executrix; the clerk, believing that he had complied with these directions, mailed the claim to the executrix and the envelope, with its contents, was received; through the mistake and inadvertence of the clerk, he failed to attach the said copy; the executrix retained the claim in her hands several months without acting upon it, and, after the time for the presentation of claims had elapsed, she returned it to the attorneys disallowed, and then for the first time the petitioner was made aware of the mistake; he promptly sought relief by application to the court, but was denied it for the reasons shown." The court held that under a statute identical with our section 9187, the court may permit an amendment to a claim to be made by attaching a copy of the contract upon which the claim was based after the time had expired for presenting claims, and that the amendment takes effect as of the date the claim was presented to the administratrix. The court used this significant language, applicable here: "Here, however, the facts constituting the claim as presented are fully and completely shown on its face, and reference is made to the particular contract which is identified. The contract is but the evidence by which the claim is to be established. Attaching a copy to the claim would in no sense change the substance of the claim." While this court is not bound to follow the California holding in this respect, if not satisfied with its conclusion, I think it correctly applies the statute and should be followed. Other courts have reached the same conclusion.

In *Trustees, etc.*, v. *Paxton*, 180 Ill. App. 658, a claim was filed by the Presbyterian Church of Kansas against the estate

of Paxton, within the time allowed by law. After the time for presenting claims had expired, by leave of court the claim was amended so that the name of claimant was changed to "the Trustees of the Old School Presbyterian Church." It was held that the court properly allowed the amendment to the claim, saying: "It was not the commencement of a new action or the filing of a new claim, the cause of action remained the same and the only difference that the amendment could have made was to show the proper name of the party proper to maintain the action."

In *Carter* v. *Pierce*, 114 Ill. App. 589, the original claim was based upon a judgment, and an amended claim based upon a check and money loaned was allowed to be filed after the time for presenting claims had expired. This was held proper, where it was shown by extraneous evidence that the original and amended claims pertained to the same transaction. The court said: "It is not contemplated by the statute that claims against estates should be prepared and presented by those skilled in pleading and practice of law, or with strict accuracy as to form. Such requirement would, in many cases, work gross injustice. The trial court properly disregarded the technical rules governing suits at law and considered the substantial rights of the parties only, and we are constrained to hold that its action was proper."

In the case of *Bates* v. *Howell's Estate*, 179 Iowa, 969, 162 N. W. 231, 233, the original claim was based upon an express contract. The amended claim filed after the time for presenting claims had expired was on a *quantum meruit*. The court held that, since both covered the same services and the same period of time, the claimant was entitled to amend the claim and have the benefit of the original filing, so far as the statute of nonclaim was concerned. The court there said: "In the instant case the amended and substituted claim eliminates a number of matters set up in the original claim. But, as said, plaintiff is asking a recovery for the same services. The amendment clarifies the original pleading, and substantially the only difference between the two is that the original alleges an

express contract to pay, while the second asks to recover for the value of the services performed by plaintiff for deceased, with her knowledge and consent. It might be said that the amendment is, in effect, a second count. We think the so-called amended and substituted claim is germane to the original claim, and that the court properly overruled the defendant's objection to the filing of the same."

In speaking of this question, the court, in *Smith* v. *Funk*, 141 Okl. 188, 284 Pac. 638, 642, said: "The claim as presented to the executrix referred specifically to the original divorce action, and set forth a copy of the journal entry of judgment in that case, and made claim for a certain amount under such judgment for the use and benefit of each named child. The trial court permitted the claimant to amend or supplement the claim by adding thereto in part as follows: ' * * * And which certain amount is also owing to the said Lottie E. Funk by virtue of the terms of a written contract entered into between Lottie E. Smith, now Lottie E. Funk and William M. Smith, prior to the decree and judgment above mentioned. * * * ' It is contended by plaintiff in error that the claim as amended was not verified or presented, and that the amendment changed the cause of action by changing the claim upon which it was based. In our view of the matter the amendment did not change the claim or cause of action. The claim as originally presented was based on the decree or order in the divorce action, which decree confirmed and embodied within it the contract referred to in the so-called amendment. The claim as originally presented was sufficient, and the amendment did not materially add anything thereto." To the same effect are *Hankins* v. *Young*, 174 Iowa, 383, 156 N. W. 380, and *Wise* v. *Outtrim*, supra.

It is my opinion that under section 9187, the court may permit the filing of a correct copy of the contract on which the claim is founded, after the time allowed by law for the presentation of claims, the claim itself having been presented within time, where, as here, it does not in any manner change the nature of the claim. I agree with what is said in the

majority opinion with respect to the notice to creditors. Whether petitioner made out a sufficient showing to warrant relief under section 9187, not being discussed in the majority opinion, requires no consideration here.

MR. JUSTICE FORD: I concur in what is said by MR. JUSTICE ANGSTMAN.