[No. 13977. In Bank. — March 19, 1891.]

ELEANOR MURDOCK, ADMINISTRATRIX, ETC., RESPONDENT, *v.* C. W. CLARKE ET AL., APPELLANTS.

APPLICATION OF PAYMENTS. — A debtor who owes different obligations has the right to designate, at the time of making a payment, the debt to which he wishes the payment applied; and if he does not designate the debt, the creditor may make the application, and if neither makes it, the application is to be made by the court, under the rules of law.

ID. — INDEFINITE PAYMENTS — RULE OF APPLICATION — COMMON LAW. — It is the settled rule in this country, wherever the common law prevails, that where indefinite payments are made by a debtor to his creditor to whom he owes different obligations, and neither party makes any application of the payments, the law will make the application in such a manner, in view of all the circumstances of the case, as is most just and equitable, and will best protect and maintain the rights of both parties.

ID. — INSUFFICIENCY OF CODE RULES. — The rules prescribed by section 1479 of the Civil Code, respecting application of the payment, are not sufficient for all occasions; and in cases where those rules do not apply, the application must be made upon equitable principles.

ID. — BENEFIT OF DEBTOR — ONEROUS INTEREST. — In applying the indefinite payments, the burden should be made as light upon the debtor as is consistent with giving to the creditor all that the debtor has bound himself to pay; and where all debts are alike secured, the application should be made to the payment of interest upon the debt bearing the most onerous rate.

ID. — BENEFIT OF CREDITOR — PRESUMPTIVE APPLICATION BY LAW. — If the application can be so made as to discharge all the legal obligations of the debtor without increasing his burden, the law presumes that the payments were received in a way that was of most advantage to the creditor, and will apply the payments to interest instead of principal, to matured debts, to legal interest and legal items of account, to the earliest matured debt, to unsecured debts, and to that debt for which the security is most precarious.

ACTION FOR ACCOUNTING — SETTLEMENT OF ACCOUNT — FINDING. — The settlement of an account by the court, in an action for an accounting, is an adjudication of the amount due, and is in the nature of a verdict or finding for that amount.

ID. — COMPUTATION OF INTEREST — AMOUNT OF NOTE. — Where the settlement involves the amount due upon a note, it should embrace the whole amount due for principal and interest at that date, and that amount should bear interest from the date of the finding to the date of the judgment at the legal rate, and not according to the rate of interest stipulated in the note.

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion of the court.

*S. Solon Holl* and *A. L. Hart,* for Appellants.

Appellants should have been allowed compound interest, according to the stipulation in the note, until the date of judgment. Parties may agree in writing for the payment of any rate of interest, and it shall be allowed, according to the terms of the agreement, until the entry of judgment. (Civ. Code, sec. 1918; *Hinds* v. *Marmolejo,* 60 Cal. 229; *Farmers' National Gold Bank* v. *Stover,* 60 Cal. 387; *Pujol* v. *McKinlay,* 42 Cal. 559; *Goldsmith* v. *Sawyer,* 46 Cal. 209; *Kohler* v. *Smith,* 2 Cal. 597; 56 Am. Dec. 369; *Union Institution for Savings* v. *City of Boston,* 129 Mass. 82; 37 Am. Rep. 305.) The rule is, that interest is to be paid at the rate agreed upon by the parties,

as well after as before default, and up to the time of judgment. But after the debt has been merged in a judgment, the ordinary legal rate of interest controls, instead of the contract rate. (Boone on Mortgages, sec. 173; *Cecil* v. *Hicks*, 39 Gratt. 1; 26 Am. Rep. 391; *Shaw* v. *Rigby*, 84 Ind. 375; 43 Am. Rep. 96.)

*Goodwin & Jenks*, and *W. N. Goodwin*, for Respondent.

The court, under the law, so applied the surplus as to leave no room for compound interest. It could not do otherwise. (Civ. Code, sec. 1479.) The plaintiff is bound by the contracts of the deceased, but the law and courts will so apply the money in defendant's hands belonging to the estate as to make the indebtedness the least burdensome.

HARRISON J. — February 4, 1875, Adam Murdock borrowed from the defendant Clarke eight thousand five hundred dollars, and executed to him his promissory note therefor, "with interest thereon at the rate of one and one fourth per cent per month from said fourth day of February, 1875, interest payable semi-annually, and if not so paid, to be added to the principal and bear a like rate of interest"; and at the same time conveyed to him certain real property consisting of the Big Valley ranch and the Beaver Creek ranch "for the purpose of securing the payment of said promissory note according to the terms thereof." March 22, 1875, Clarke conveyed to his co-defendant, Cox, an equal one half of said note and security, and on the same day Murdock borrowed from Clarke and Cox the further sum of five thousand dollars, for which he gave them his promissory note for that amount, "with interest at the rate of one and a half per cent per month from date until paid." At that time it was agreed between Murdock and the defendants that the defendants "should have and hold the possession and control" of

the said real estate, together with certain personal property, "until the said promissory notes, with interest thereon, together with such further amounts or sums as should be advanced and paid out by said Clarke and Cox for said Murdock, should be fully paid to them." April 10, 1875, a bill of sale of said personal property was executed by Murdock to Clarke and Cox, " in pursuance of said agreement, and as further security for the payment of said several amounts." The defendants took possession of the ranches aforesaid on the twenty-second day of March, 1875, and after the execution of the bill of sale therefor, they also took possession of certain of the personal property therein described. After the execution of said bill of sale, the defendants, at the request of Murdock, advanced and paid to and for his use and benefit other sums of money, for some of which he gave them his note, "with interest at the rate of one and one half per cent per month," and for a portion of which " no note or instrument in writing has ever been given." Murdock died intestate December 7, 1875, and thereafter his administratrix (the respondent herein) brought this action against the defendants for an accounting of the money received by them; and in the prayer to her complaint asked " that such sum as may be necessary for that purpose be appropriated to the payment of the said sums of money borrowed of the said defendants by the said Adam Murdock, with the interest thereon; and that said applications of said money to such payment be made as of the date at which the said money was received by the defendants."

The case came on for trial April 30, 1888, and in its decision, rendered February 18, 1889, the court settled the account of the defendants from the time they took possession of said property down to May 1, 1888. In its findings of fact the court found "that since they have been in the possession of said property, as aforesaid, the total expense of defendants in the necessary

and proper management and care of said property, properly chargeable to said estate, has been $34,358.57, and their receipts from the products of said ranches, the sales of cattle, and leases of hay-land have amounted to $48,160.45." The court also found that the defendants had, in addition to realizing the foregoing amounts from said property, made use of the property so held by them for their own benefit, and that "the value of the use and occupation of the said ranches on the part of the defendants for their own stock since the first day of November, 1877, up to the present time, is one thousand dollars per annum, and that the defendants are properly chargeable therewith." It also found "that no part of any money received by the defendants from the sale of stock or other products of the ranch, or from the leasing of hay-land, has been applied to the payment of the debts due to them by the estate of Adam Murdock"; and in conclusion, "that upon a full accounting the plaintiff was indebted to the defendants on the first day of May, 1888, in the sum of $29,752.59, no credit for compounding of interest being allowed defendants."

From these findings the court found, as its conclusion of law, that the plaintiff was entitled to a reconveyance of the property, "upon the payment to said Cox and Clarke of the said sum of $29,752.59, with simple interest on the notes held by them against said estate since the first day of May, 1888, and such further sum as may have been expended by them for the benefit of said estate since said date, less such sum as they may have received from said estate by the sale of cattle and other products, and the leasing of hay-land, and less a rental of $1,000 per annum since said date for the use of said ranches for their own stock"; and directed a decree to be entered accordingly. Prior to the entry of the decree, a supplemental account, rendered under the foregoing directions, from May 1, 1888, was settled by the court, and in its decree, after settling said account, the

court found that there was a total of $31,926.37 due and owing from the plaintiff to the defendants, and directed and decreed that "upon the payment by plaintiff to the defendants of the said sum of $31,926.37, within thirty days after the entry of this decree, the defendants shall convey to the estate of Adam Murdock, deceased," all the said property then remaining in their hands. This decree was entered July 3, 1889, and thereafter the defendants appealed to this court "from the part of the judgment and decree rendered in favor of said defendants against said plaintiff, and which adjudges that no credit for compounding of interest be allowed the defendants, and which adjudges that there was due from the plaintiff to the defendants at the date of filing said decree $31,926.37 only."

The points presented on behalf of the appellants are, that the court should have computed interest upon the eight-thousand-five-hundred-dollar note, by compounding the same according to its terms, and that the same rate of computation should be continued until the entry of the decree.

1. The rules governing the application of indefinite payments made by a debtor to his creditor to whom he owes different obligations had their origin in the civil law; but in those countries where the common law prevails, the rules of the civil law have been greatly modified, and in some respects entirely repudiated. Both systems concur in giving to the debtor the right to designate at the time of the payment the debt to which he wishes the payment applied. Both systems also hold that if the debtor shall not then designate the debt to which he wishes the payment applied, the creditor may make application of the payment, and that if neither make such application, it shall be made by the court. The principles upon which the application is to be made by the creditor or by the court differ widely in the two systems. By the rules of the civil law, if the

debtor at the time of payment makes no application thereof, it is the duty of the creditor to make application in accordance with the supposed intention of the debtor, and to that debt upon which the creditor would have applied it had he been the debtor; and that any application by the court must be made to that debt which the debtor at the time had the most interest to discharge, irrespective of its effects upon the creditor. (1 Domat's Civil Law, b. 5, tit. 1, sec. 4; 1 Evans's Pothier on Obligations, 528; Civ. Code of La., arts. 2163–2166.)

This rule has been recognized in some of the states of this country, but in the courts of the United States and of the greater number of the individual states it has been repudiated, and it may now be considered as the settled rule in this country, wherever the common law prevails, that when neither party to the transaction makes any application of the payment, and there are different debts due from the debtor to the creditor, the law will make the application in such a manner, in view of all the circumstances of the case, as is most in accordance with justice and equity, and will best protect and maintain the rights of both parties. (*Field* v. *Holland*, 6 Cranch, 8; *Logan* v. *Mason*, 6 Watts & S. 9; *Stone* v. *Seymour*, 15 Wend. 19; *Smith* v. *Lloyd*, 11 Leigh, 511; 37 Am. Dec. 621; *Allen* v. *Culver*, 3 Denio, 284; Story's Eq. Jur., sec. 459 b; 2 Greenl. Ev., sec. 533.)

One of the elements underlying the rule for the protection of each party in his rights is, that the burden shall be made as light upon the debtor as is consistent with giving to the creditor all that the debtor has bound himself to pay. If the creditor by any application that may be made for him can receive all for which the debtor is under an obligation to him, it is but equity that it should be applied in such a mode as will be least onerous to the debtor. On the other hand, when the interest of the debtor cannot be promoted by any particular application of the payment, or when it is a

matter of indifference to him in which mode the application is made, the law raises a presumption that the payment was actually received in the way that was of most advantage to the creditor. If the application can be so made as to discharge all the obligations of the debtor without increasing his burden, it will be deemed indifferent to him upon which obligation the payment shall be applied. The principles of this rule find their application in cases where it is held that a payment is to be applied to interest instead of principal; to an interest-bearing debt in preference to one bearing no interest; to the payment of legal interest instead of that which is usurious; to a debt that has matured rather than to one not yet due; to the payment of legal items in an account rather than those which are illegal; and on the other hand, for the purpose of protecting the rights of the creditor, a payment will be applied to the earlier items of an account in preference to later ones; to an unsecured debt in preference to one for which he holds security; and when he has more than one security, to that debt for which the security is the most precarious. No specific rule can be laid down that will embrace all the cases that may arise for its application, inasmuch as the infinite variety of human transactions cannot be included within the limits of a formulated rule; and therefore courts must be governed by principles rather than by fixed rules. In this state an attempt has been made for the guidance of courts in this matter, but the rules there prescribed are insufficient for all occasions, and do not embrace even the conditions of the present case. Section 1479 of the Civil Code provides:—

"3. If neither party makes such application within the time prescribed herein, the performance must be applied to the extinction of obligations in the following order; and if there be more than one obligation of a particular class, to the extinction of all in that class ratably: 1. Of interest due at the time of the perform-

ance; 2. Of principal due at that time; 3. Of the obligation earliest in date of maturity; 4. Of an obligation not secured by a lien or collateral undertaking; 5. Of an obligation secured by a lien or collateral undertaking."

Neither of these subdivisions is directly applicable to the facts in this case. All of the obligations of Murdock are equally secured, and the moneys received by the defendants were at no time sufficient to extinguish all of the interest then due upon the principal obligations. The obligations also bear different rates of interest, and upon one of them the interest is to be compounded semi-annually, while the others bear only simple interest. Hence, instead of having the Civil Code as a guide, the court was compelled to take as its guide the equitable principles found in the above rule. Under these principles it was its duty to apply the payments that had been from time to time received by the defendants to those obligations which were most onerous to the plaintiff, so far as such application could be made without impairing any of the obligations in favor of the defendants. Ordinarily this rule would require the payment to be applied in the extinguishment of the interest upon that obligation which bore the highest rate; but inasmuch as in the present case the obligation which bore a lower rate of interest provided for compounding that interest, that became the most onerous, and within the principles above stated was the first to be extinguished, especially since thereby the defendants would suffer no loss, but would receive all that Murdock had obligated himself to pay to them.

The findings show that from the time the defendants took possession of the property they were in the annual receipt of an income therefrom far in excess of their expenditures for its care and preservation, and that from that date until the time of the accounting they had in their hands moneys belonging to the plaintiff, which, added to the amount of annual benefit which they derived from the property, and for which the court found

they were indebted to the plaintiff, greatly exceeded the interest accruing upon the eight-thousand-five-hundred-dollar note. It would be contrary to all principles of equity and justice for them to retain this money in their hands, and at the same time insist that the interest upon the eight-thousand-five-hundred-dollar note which they held against Murdock should accumulate by being compounded according to its terms. It was their duty to apply these moneys, as fast as they were received, to keeping down the interest upon the obligations for which they held the property as security, and upon that obligation which was most onerous to Murdock, and upon which the court must presume he would have intended the application, as being most beneficial to him. In applying money that had been received by the defendants, first to the discharge of the interest upon the obligation which provided for its compounding, and whatever surplus there might be to the reduction of the interest upon the other obligations, the court acted in accordance with the principles of the above rule, making the burden upon the plaintiff the least onerous consistent with the obligations that had been made by Murdock, and at the same time giving to the defendants all the money that they could have received had Murdock paid them from time to time the semi-annual interest as it fell due, with the moneys which they held in their hands for him.

This application of the money in the hands of the defendants to the discharge of the interest upon the eight-thousand-five-hundred-dollar note, instead of being "a modification of the contract entered into between the parties," as is stated in appellants' points, is in reality an exact compliance with the contract. In this mode the interest on the note that was "payable semi-annually" was discharged in exact accordance with the terms of the note. The defendants received all that Murdock had agreed to pay them, and at the very time that such

payment was to be made, and at the same time the burden of the different obligations was made lighter upon the plaintiff than it would have been had the other course been followed.

The findings do not show the tabulation or stating of the account between the parties, but merely give the amount of the receipts and disbursements for each year and the result of the accounting, "without making any allowance for compound interest." This result is consistent with the rule we have above stated. Inasmuch as the evidence upon which the findings were made is not before us, and the findings themselves do not show the several dates at which the money was received by the defendants, or present any facts inconsistent with reaching this result upon the principles herein laid down, we must assume that it is correct. We do not understand that the appellants contest the accuracy of the computation upon this principle. Their contention is that the account should have been stated by allowing compound interest.

2. The settlement of the account by the court as of May 1, 1888, was an adjudication by it of the amount then due from the plaintiff to the defendants, and was in the nature of a verdict or finding for that amount. A finding by the court in an action upon a promissory note embraces the whole amount due for principal and interest thereon at the date of the finding, and bears interest therefrom as a whole at the legal rate, and not according to the rate of interest stipulated in the note. (*Alpers* v. *Schammel*, 75 Cal. 590; *Mill Co.* v. *Machine Works*, 82 Cal. 184.) Section 1035 of the Code of Civil Procedure prescribes that "the clerk must include in the judgment entered up by him any interest on the verdict or decision of the court, from the time it was rendered or made." Under this rule, the defendants had no reason to complain of the mode of computation adopted by the court in its conclusion of law.

In the present case, the account having been origi-
nally settled as of May 1, 1888, but the decision of the
court not having been made until February 18, 1889,
and the defendants having in the mean time made ex-
penditures and received income from the property, a sup-
plemental account was required.   When the court came
to settle that supplemental account, it found "that since
the trial of said cause, on the first day of May, 1888, and
up to said nineteenth day of June, 1889, the said defend-
ants have expended on behalf of said estate the sum of
$6,360.25, and have received as proceeds of said property
the sum of $4,186.47, leaving due to the defendants for
expenditure over and above receipts, in addition to the
said sum of $29,752.59, the sum of $2,173.78, making a
total of $31,926.37 now due and owing from the plaintiff
to the defendants."

We cannot say from this statement in the decree that
a proper computation of the amount to which the defend-
ants were entitled was not properly made by the court,
inasmuch as it is not shown at what dates the moneys
were respectively received or expended by the defendants.

We find no error in that portion of the judgment from
which the defendants have appealed, and it is therefore
affirmed.

DE HAVEN, J., SHARPSTEIN, J., PATERSON, J., and
GAROUTTE, J., concurred.