[Civ. No. 1826. Third Appellate District.—October 28, 1918.]

ALEXANDER WHITE, Respondent, v. MABEL C. DEERING, as Executrix, etc., Appellant.

ESTATES OF DECEASED PERSONS — ACTION ON CLAIM FOR SERVICES — AMENDMENT OF PLEADING.—In an action against an executrix to recover for personal services, alleged in the complaint to have been rendered to the deceased in her lifetime at an "agreed price," an amendment substituting an allegation that the services were "of the reasonable value" of a sum stated did not change the cause of action, and it was not error to permit such amendment.

ID.—STATEMENT OF FACTS IN CLAIM PRESENTED.—A claim against an estate is not required to state the facts with the precision and minuteness required in a complaint, and its sufficiency is not to be tested by the rules of pleading.

ID.—LIBERALITY IN ALLOWING AMENDMENTS.—Greater liberality should be shown in allowing amendments to pleadings in actions on claims against estates than in the ordinary class of cases, provided that the cause of action be not entirely changed and there be no prejudice to the substantial rights of those opposed in interest to the claimant.

ID.—AMENDMENT OF ERRONEOUS DATE.—It is not error to permit an amendment in such case correcting the date of an item, since an allegation of time under the circumstances is not controlling.

ID.—INTEREST.—In an action on a claim against the estate of a decedent, interest is to be awarded when the claim is established from the date when the claim should have been allowed.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

White, Miller, Needham & Harber and Myrick & Deering, for Appellant.

C. E. McLaughlin and C. P. McLaughlin, for Respondent.

BURNETT, J.—The action was to establish a claim against the estate of Sophie P. Comstock, deceased. The claim was properly presented, but was rejected by the executrix. Suit was thereupon brought in the superior court within the time

required by the statute, and plaintiff obtained judgment, from which the appeal has been taken.

The first item in the complaint was: "To services rendered in carrying decedent from her room upstairs to lawn and from lawn to her room upstairs at an agreed price of $15 per month, $45." This was also the exact language of the claim as presented to the executrix. The court permitted this averment of the complaint to be amended by striking out the words, "at an agreed price" and substituting therefor the words, "of the reasonable value."

This action of the court is the occasion for the contention that the cause of action was changed, for the reason that the claim was based upon an express contract for an agreed price, while the amendment permitted recovery on *quantum meruit.* The basic and vital elements of the cause of action are the services performed and the amount due for said services. As to these elements, the two complaints are identical. Moreover, either the phrase "at an agreed price" or "of the reasonable value" may be eliminated from the original or the amended complaint, respectively, and what remains states a cause of action either upon an express or implied contract. Neither of these phrases is, therefore, material to the statement of a cause of action, and the substitution of one for the other does not change the essential aspect of the case, although, we may add, that, if it did not appear in the complaint whether there was an express contract, a demurrer might lie for uncertainty. Indeed, the question has been carefully considered by the appellate courts of this state and a conclusion reached that is directly opposed to appellant's contention herein, and it should be sufficient as to the point to cite: *Merchants' C. Agency* v. *Gopcevic,* 23 Cal. App. 217, [137 Pac. 609]; *Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Nellis* v. *Pacific Bank,* 127 Cal. 166, [59 Pac. 830]; *Cowell* v. *Snyder,* 171 Cal. 294, [152 Pac. 920]; *Glougie* v. *Glougie,* 174 Cal. 126, [162 Pac. 118]; *Hicks* v. *Christeson,* 174 Cal. 712, [164 Pac. 395]; *Doolittle* v. *McConnell,* 178 Cal. 697, [174 Pac. 305]; *Mackroth* v. *Sladky,* 27 Cal. App 113, [148 Pac. 978]; *Turner* v. *Dahnken,* 28 Cal. App. 311, [152 Pac. 308].

In this connection, it must be remembered that a claim against an estate is not required to state the facts with all the precision and minuteness required in a complaint, and its

sufficiency is not to be tested by the rules of pleading. (*Pollitz* v. *Wickersham,* 150 Cal. 238, [88 Pac. 911].)' It would follow that even greater liberality should be shown in allowing amendments than in the ordinary class of cases, provided, of course, that the cause of action be not entirely changed and there be no prejudice to the substantial rights of those opposed in interest to the claimant.

While there was no direct evidence as to the value of the particular kind of service performed, yet it is apparent that it involved no special skill, but was that of ordinary labor, and there was positive testimony as to the reasonable value of unskilled labor. The finding was for less than the amount so declared, and, hence, it is supported by the evidence.

As to one item, there was an error in the date and the court permitted an amendment correcting it. Such action of the court cannot be called in question. It is covered by the cases already cited, but we may add *Beason* v. *Western Meat Co.,* 40 Utah, 398, [124 Pac. 335], wherein the court declared: "The law is elementary that an allegation of time under the circumstances of the case is not controlling, and the party responsible for such an allegation is not bound to prove it literally, but may show the actual transaction, although it occurred at a time other than that alleged. Under such circumstances like those in this case, it is the transaction rather than the time at which it occurred that is the material thing." The point is not worthy of more extended consideration.

There was a mistake, also, in the date of the fourth item. This was immaterial and it was proper to allow it to be corrected. The claim for this service recited, like the first item, that it was "at an agreed price" and the court permitted a similar amendment. This was not error, as we have already pointed out. To the foregoing citations we may add these, to which our attention is called in the brief of respondent: *Frost* v. *Witter,* 132 Cal. 421, [84 Am. St. Rep. 53, 64 Pac. 705], *Ruiz* v. *Santa Barbara Gas Co.,* 164 Cal. 188, [128 Pac. 330].

As to the claim of appellant that no interest should have been allowed, it is admitted by respondent that "the general rule in an action upon *quantum meruit* is that interest is not allowable until the date of judgment." It is contended by the latter, however, that in an action to establish a 'claim against an estate the claim, when established, will bear interest from the date of its presentation, since the judgment re-

lates back and takes effect as of that date. This is undoubtedly true. It may be added that if the claim did not bear interest until the date of the judgment, it would place the claimant who was compelled to sue at a disadvantage with one whose claim is allowed by the executor, for in the latter case there is no doubt that interest is allowable from the time the claim is approved. (Code Civ. Proc., sec. 1494.) It would also afford the executor a financial inducement to reject a proper claim. But the statute itself (Code Civ. Proc., sec. 1504) contemplates that when established by the court, the claim shall be upon the same footing as if allowed by the executor and judge. To be established ''in the same manner as if it had been allowed by the executor or administrator and a judge,'' it must bear interest from the date when it should have been so allowed.

We find no merit in the appeal and the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.