## SOUTHERN INDUSTRIAL CORPORATION v. BOLTON et al. (No. 3738.)

Court of Civil Appeals of Texas. Texarkana. Nov. 15, 1929.

Rehearing Denied Nov. 28, 1929.

W. B. Harrell, of Dallas, for plaintiff in error.

George Clifton Edwards, of Dallas, for defendants in error.

HODGES, J. This case, though involving different defendants, is in all material respects similar to that of Southern Industrial Corporation v. H. E. Harris et al., 22 S.W.(2d) 494 this day decided by this court. The facts are, in substance, as follows: In April, 1927, the defendant in error Bolton applied to the plaintiff in error for a loan. He executed a note for $100 payable in semimonthly installments of $5. The note stipulated for interest at the rate of 10 per cent. per annum from maturity. Bolton received from plaintiff in error on that note the sum of $85. He later paid $35, which was entered as a credit, leav-

ing a balance of $50 still due. In August following he executed a second note, for $150, payable in semimonthly installments of $7.-50, with interest at the rate of 10 per cent. per annum from maturity. It appears that in the last transaction Bolton was charged with $65 due on the first note and with $30 claimed by the lender as an insurance fee. Those sums were deducted, and Bolton received in cash only $55. On the last note Bolton paid eight installments, aggregating $60, leaving a balance of $112 due according to the terms of the note. This suit was filed in the justice court by the plaintiff in error against Bolton and the other defendants in error, who were sureties on the note, for the balance and $40 as attorney's fees. Bolton filed a cross-action, seeking to recover the sum of $135 for usurious interest paid by him. The trial in the justice court resulted in a verdict and judgment in favor of the plaintiff in error for $82.50 and a denial of any relief for the defendants on the cross-action. Defendants in error appealed to the county court. Before the trial in that court the plaintiff by amendment reduced its claim to $82.50. Defendants filed a written admission under rule 31 conceding that the plaintiff had a good cause of action, except in so far as it might be defeated by the defensive matter pleaded. The jury found, in response to a special interrogatory, that the plaintiff had collected $67.50 as usurious interest. The court then rendered a judgment canceling the note sued on, and in favor of defendant Bolton for a balance of $22.50 on his cross-action.

■ Article 5073, Revised Civil Statutes of 1925, permits one who pays usurious interest to sue and recover back double the amount of the interest paid. It is well settled, however, that in order to maintain such an action the debtor must allege and prove that usurious interest has been actually paid by him. The question in this case is: Has the defendant Bolton, who claims the statutory penalty, made that proof?

■ According to his testimony Bolton first borrowed $85 from the plaintiff and gave his note for $100, stipulating in the note for the payment of interest at the rate of 10 per cent. per annum from maturity. While it did not so appear upon its face, the note was a usurious contract and the lender could collect thereon only the amount loaned—$85. Later Bolton paid on that note the sum of $35, leaving a balance of $50 due on what he had borrowed. In August following that transaction Bolton executed another note for the sum of $150, which stipulated for the payment of interest at the rate of 10 per cent. per annum from maturity. The consideration for the last note consisted of a balance of $65 unpaid on the first note, $30 claimed as insurance, and $55 in cash delivered to Bolton. That contract also was usurious, and unenforceable except for the sum of $95, the aggregate principal of the two debts. On this last note

Bolton paid $60. In other words, he borrowed from the plaintiff in error in the two transactions the sum of $140, and had paid back $95. He still owes $45 of what he borrowed.

The trial court evidently based his judgment in favor of Bolton upon the finding of the jury that the payments made had been applied as interest. If that finding is supported by the evidence, the judgment should be affirmed. But we are of the opinion that it is not supported.

There is no direct testimony as to how the payments were applied—whether on the interest or on the principal. It is merely shown that when payment was made a corresponding credit was given by the creditor. Bolton gave no directions as to how the payments should be applied, and there is no evidence as to how they were actually applied. The notes were payable in installments, and presumably the payments were made as the installments matured and before the full amount became due.

In a suit by the plaintiff in error, the creditor, it could recover only the balance of what was loaned, $45. The law would apply both payments to the extinguishment of the principal. Smith v. Stevens, 81 Tex. 461, 16 S. W. 986; Stanley v. Westrop, 16 Tex. 201. If the evidence was sufficient to show that the amount paid had been applied by the creditor on interest, then defendant in error could sue for double the amount so paid, even though all or a part of the principal was still unpaid. Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204. But in this case we have a situation where there is no agreement or directions as to how the payments made by the debtor should be applied. The question then is: How will the law apply them? A part of the debt was lawful and a part unlawful. Will the law apply the payments to the unlawful part of the contract instead of to that which was lawful? Certainly not if the suit were by the creditor for a balance due on the principal. Should a different rule be adopted when the debtor sues for the penalty? We think a negative answer is justified not only on principle, but upon authority. Gunter v. Merchant et al. (Tex. Com. App.) 213 S. W. 604; Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922; 21 R. C. L. page 102, § 108; Murdock v. Clarke, 88 Cal. 384, 26 P. 601; 39 Cyc. p. 1026, § 2, and cases there referred to.

The record shows that this suit was filed by the creditor to collect its debt. In determining how much it should recover the law will apply all payments made on the indebtedness to the reduction of the original principal, the amount actually loaned. It would then be inconsistent to say in the same proceedings, in passing upon the debtor's cross-action, that the payments should be applied to the usurious interest.

We are of the opinion that under the evidence and the pleadings the plaintiff in error.

was entitled to a judgment for $45, the balance due for the money which the defendant in error actually. received, and that the defendant in error is not entitled to recover anything on his cross-action.

The judgment will therefore be reversed and rendered accordingly.