23306.   THOMPSON, executrix, *v.* BANK OF BUCKHEAD.

DECIDED OCTOBER 28, 1933.

W. D. *Lanier,* for plaintiff in error.   *Miles W. Lewis,* contra.

GUERRY, J.   The Bank of Buckhead brought suit against Mrs. Flora Thompson, executrix of the estate of R. N. Pirkle, deceased, on three promissory notes.   Two of these notes were to the Bank of Buckhead and were signed by third persons, and payment thereof was guaranteed by R. N. Pirkle.   These two notes were dated December 8, 1921, and April 12, 1922.   The other note, dated March 1, 1921, was payable to R. N. Pirkle, deceased, and was indorsed and guaranteed by R. N. Pirkle to the Bank of Buckhead. This court in the case of *Thompson* v. *Bank of Buckhead, 45 Ga. App.* 94 (163 S. E. 255), held that inasmuch as suit thereon was not filed until July, 1930, R. N. Pirkle having died in 1922, and his executrix having immediately qualified, a plea of the statute of limitations as to the two notes not payable to R. N. Pirkle should be sustained and the action be allowed to proceed only on the note originally payable to R. N. Pirkle.   All the notes contained certain credits of interest due thereon up to December 1, 1926, and the defendant pleaded and it was admitted that certain other payments were made by the executrix during the years 1927 and 1928 which had not been credited on any particular note, but had been credited generally to the Pirkle-estate account.   When the case came back for trial after the decision by this court the defendant filed an amendment asking that the credits not applied by the

creditor be applied to the note then being sued upon, and tendered into court the remainder admitted to be due after the application of credits, and the tender was refused. The trial judge refused to sustain the plea of the defendant and gave judgment for the full amount of the note sued upon. Exceptions were taken to this judgment.

Only the ruling stated in headnote 1 will be discussed. A construction of § 4316 of the Civil Code (1910) becomes necessary to a determination of the case. That section is as follows: "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election. If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons. As a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties." Where payments have been made and neither the debtor nor the creditor has applied them to any particular note, it is the duty of the court to apply them. After suit has been filed the creditor may not make the application. *Austin* v. *Southern Home B. & L. Asso.*, 122 *Ga.* 439 (50 S. E. 382). Counsel for the plaintiff in error contend that the language that "as a general rule the oldest lien and the oldest item in an account will be first paid" controls the case, and that, the note sued on being the oldest, the credits should be appropriated thereon. This sentence, however, is qualified by the preceding sentence, which says, "the law will direct the application in such a manner as is reasonable and equitable both as to parties and third persons." In making application of payments in some jurisdictions the debtor has been favored,—that is to say, the debts which are the most onerous on the debtor are first discharged. Other authorities hold that the advantage should be given the creditor, and that his presumed intention should govern. This principle is tersely stated in Sager *v.* Warley, 2 Rice's Ch. (S. C.) 26: "In general, it is a rule not only of law, but of sound reason, that when an act is done, fairly susceptible of two interpretations, or to which two different operations may be justly allowed, it shall be construed most against him who does it, and in favor of the other

party; and it is not perceived why the payment of money should not be governed by the same principle. As between the parties themselves, it would be difficult for the debtor to satisfy the conscience of any just man that when he has made a general payment, without directing its application, the court should not so apply it as to promote to the highest degree the interests of the creditor." Other authorities hold that no general rule applicable to every case could be adopted and adhered to, without producing great hardships. In the case of *Horne* v. *Planters Bank of Georgia*, 32 *Ga.* 1, it was said: "But Chief Justice Marshall, in an early case before the Supreme Court, Field *v.* Holland, 6 Cranch 8, 27, expressed dissatisfaction with the rule of the civil law, which makes the application in a manner most favorable to the debtor and his wishes. He said: 'When a debtor fails to avail himself of the power which he possesses, in consequence of which that power devolves on the creditor, it does not appear unreasonable to suppose that he is content with the manner in which the creditor will exercise it. It being equitable that the whole debt should be paid, it can not be inequitable to extinguish first those debts for which the security is most precarious.'" This principle has been followed by Georgia courts without exception. In making our decision we bear this principle in mind. In London & San Francisco Bank *v.* Parrott, 125 Cal. 472 (58 Pac. 164, 73 Am. St. R. 64), we find the following language: "The right to a correct application of payments is one of the elements in the plaintiff's right of action, and he is not to be deprived of the exercise of that right by a delay in bringing his action on for trial. The application of payments which is made by the court is to be made 'in such a manner, in view of all the circumstances of the case, as is most in accordance with justice and equity, and will best protect and maintain the rights of both parties:' Murdock *v.* Clarke, 88 Cal. 390 (26 Pac. 601). *The circumstances which are to guide the court may have arisen since the payment was made, but the application when made relates to the time of the payment. There could be no propriety in applying a payment to the discharge of an obligation incurred subsequent to the time when the payment was made."* (Italics ours.) If the above rule be correct, and to this court it seems to be logical and reasonable, it will be seen that the judge in making the application of these payments did not apply them to

debts that were already barred by the statute of limitations, but only to notes that were about to become barred. Our courts have uniformly adopted the rule that in making application of these payments it will apply them in such a manner as is reasonable and equitable and according to its view of the intrinsic equity and justice of the case. This it may do by applying either to an unsecured claim or to one which the creditor's right is most precarious. We are convinced, after much consideration, that the application made by the trial judge of these payments to those notes which at the time of payment were about to become barred by the statute of limitations was the most equitable one under the circumstances of this case. This results from the thought that every debtor is presumed to desire to pay all of his debts, and this disposition of the payments most nearly accomplishes that result, or, in other words, the law pursues this course, as it intends that all men shall be honest and fully perform their just obligations, and adopts this method as the one which an honest man would unselfishly choose, if prompted by just motives. In Robinson *v.* Allison, 36 Ala. 525, it is said: "If a debtor owes two distinct demands, both overdue, and makes a general payment, without giving any directions as to its application, the law will apply it, in the absence of a specific application by the creditor, to that demand which, though not barred at the time the payment was made, has since become barred by the statute of limitations." In the case at bar, as has been said above, none of the debts had become barred at the time the payments were made, and it would seem equitable that these payments should be applied to the claims which were most precarious at the time; that is, to those to which the bar of the statute of limitations should first attach. Due to the fact that there was a credit of $20.76 made on the note for which judgment was given on April 4, 1925, which both plaintiff and defendant admit, direction is given that on the return of the remittitur to the trial court this amount be written off the judgment. With this condition the judgment is affirmed, otherwise it is reversed.

*Judgment affirmed on condition. Broyles, C. J., and MacIntyre, J., concur.*