## STANDARD FINANCE CORPORATION v. HAVINS.

### No. 2523.

Court of Civil Appeals of Texas. Beaumont. March 17, 1934.

Rehearing Denied March 21, 1934.

W. H. Dunlay and E. F. Gray, both of Houston, for plaintiff in error.

E. J. DeCoux, of Houston, for defendant in error.

COMBS, Justice.

Appellee, as plaintiff, filed this suit against appellant, as defendant, in the justice court, precinct No. 1, of Harris county, to recover $120.20 in the nature of a penalty, for usurious interest charged by appellant and paid by appellee on a loan. See article 5073, R. S. 1925. From an adverse judgment appellant appealed to the county court at law of Harris county where a trial de novo resulted in a judgment in favor of plaintiff for $98.40. This appeal was to the Court of Civil Appeals at Galveston and is before us on transfer by the Supreme Court.

On January 19, 1932, plaintiff borrowed from defendant $150 and gave defendant his note for $210.20, payable in twelve monthly installments of $21.02 each beginning one month after date. The note was secured by a chattel mortgage on an automobile. Plaintiff paid one-half the indebtedness, and then arranged with Tennison Finance Company to refinance the loan. And that agency gave defendant its check for the unpaid balance, and the mortgage and note were delivered to Tennison Finance Company. Later, after paying a part of his indebtedness, plaintiff sold the car to a third party who assumed, by agreement, the balance of the indebtedness to Tennison Finance Company as part of the purchase price. Plaintiff then brought this suit, within proper time, to recover double the amount of excess of the note, over and above the $150 which he actually obtained from appellant on the note.

The excess was $60.20, but it is shown that appellant expended $11 for insurance on the car, leaving $49.20 as the amount of interest, and the court rendered judgment for double that amount.

We think the judgment was proper. The interest charge was clearly usurious. Appellant makes no contention that it was not. But it seeks to avoid liability for the penalty prescribed by the statute, on the proposition presented in different ways by numerous assignments, but all to the same effect, that, since appellee had paid only one-half of the note at the time it was refinanced by Tennison Finance Company, it follows that appellee did not pay to it the usurious interest.

This contention is without merit. It is true that, in order for a debtor to recover the penalty, he must plead and prove payment of the usurious interest. Yonack v. Emery (Tex. Com. App.), 13 S.W.(2d) 667, 70 A. L. R. 684; Southern Industrial Corporation v. Bolton (Tex. Civ. App.) 22 S.W.(2d) 495. But appellee, in this case, pleaded such fact and proved it. It is shown that he personally paid one-half of the installments to appellant, and that he arranged with Tennison Finance Company to pay appellant the balance, which was done. It is further shown, although we do not mean to here pass upon the question of whether such proof was necessary, that appellee had fully discharged his obligation to Tennison Finance Company.

No do we think it material that Tennison Finance Company took a transfer of the lien held by appellant on the automobile, instead of obtaining a cancellation of it. In its dealings with appellant, Tennison Finance Company was the agent of appellee, and appellant received from appellee and his agent payment in full of its note which included the usurious interest. Appellant cannot thus reap the full benefit of its usurious contract with appellee and escape the consequences which the statute imposes.

The judgment of the trial court is affirmed.