[Civ. No. 17564. Fourth Dist., Div. Two. Nov. 9, 1978.]

J. F. DAVIDSON, SR., et al., Plaintiffs and Respondents, v.
MARSHALL TILDEN et al., Defendants and Appellants.

284

## COUNSEL

Blumenthal, Grossman & Avis and E. Martin Blumenthal for Defendants and Appellants.

Thompson & Colegate and Jim D. Bishop for Plaintiffs and Respondents.

## OPINION

**KAUFMAN, Acting P. J.**—Suing for the value of engineering and surveying services performed, plaintiffs recovered judgment for $9,224.97 against defendants Marshall Tilden and Marion W. Tilden. Defendants appeal.

The dispositive question is whether the evidence establishes the existence of one book account or two between the parties. If only one book account existed, plaintiffs' action was timely filed; if there were two book accounts, plaintiffs' action is barred by the applicable statute of limitations.

## FACTS

In March 1967, defendants employed J. F. Davidson Associates to perform engineering and surveying work in connection with defendants' proposed apartment project (hereafter first project). At that time J. F. Davidson Associates was a partnership composed of J. F. Davidson, Sr., Jim Davidson, Robert Kipper, and George McCarthy. Work order number 1453 was executed March 20, 1967. A ledger card was set up which bore the typed heading "W. O. #1453." This ledger card details the transactions between the parties in relation to the work performed on the first project. J. F. Davidson Associates performed engineering and surveying work on the first project until December 1967, at which time defendants requested the discontinuance of any further services. No further work was performed in relation to the first project. As of December 1967, the ledger card showed a balance due J. F. Davidson Associates of $9,091.70.

On March 20, 1968, the ledger card shows a payment of $1,200 credited against defendants' previous balance, thus leaving a remaining balance of $7,891.70. Thereafter, on July 26, 1968, the terms of the work order were modified in certain particulars with respect to the work performed on the first project.[1] The ledger card reflects a further payment by defendants on December 9, 1968, in the amount of $1,400. This left a balance owing of $6,491.70 in addition to $603.50 owed on account of a different work order (see fn. 1, *ante*).

Prior to December 31, 1968, George McCarthy withdrew from the partnership.[2] The remaining partners continued the business under the partnership name of J. F. Davidson Associates and filed a new fictitious name statement to reflect the withdrawal of Mr. McCarthy. The internal accounting procedures were changed to facilitate accounting to Mr. McCarthy for his partnership interest in accordance with Corporations Code section 15042. In particular, different colored ledger cards were

---

[1]Pursuant to a letter agreement dated July 26, 1968, defendants agreed to pay interest on the balance due J. F. Davidson Associates for civil engineering services "in connection with our proposed Cherokee Hills Garden project . . . ." This letter agreement shows the balance due in the amount of $8,495.20 which sum represents the sum of the balance due on March 20, 1968 of $7,891.70 and the balance due pursuant to work order number 1689 in the amount of $603.50. The letter further states: "It is understood and agreed that we will pay 7% interest per annum on the unpaid balance until such time as we can sell the old Lett home and/or sell a portion of the acreage involved to pay off said obligation."

[2]The exact date of McCarthy's withdrawal is not disclosed by the record. At oral argument, pursuant to our inquiry, the parties stipulated he withdrew not later than December 31, 1968.

utilized for work performed after Mr. McCarthy's withdrawal. Defendants' account was assigned by the original group to the continuing group.

In March 1969, defendants contacted J. F. Davidson Associates and requested its assistance in converting the first project to a condominium project (hereafter second project). All the work on the second project was invoiced under the original work order. However, because of the changed accounting procedures, a new ledger card was set up and all charges for work performed in connection with the second project were entered on the second card. The work performed on the second project was billed to defendants between April 4, 1969, and August 25, 1969. The second ledger card shows a cumulative balance for all work performed on the second project as of August 25, 1969, in the amount of $9,501.35.

In June 1970, defendants sent a check to J. F. Davidson Associates in the amount of $1,113.61. Typed on the face of this check was: "Payment on acc't—Letter agreement dated July 26, 1968 1,000.00 3 mo. interest at $37.87 113.61." (See fn. 1, *ante.*) The receipt of this check was noted on the first ledger card. The balance due after deducting the amount of this check from the previous balance was $5,491.70. This balance reflected on the first ledger card was then carried forward into the "previous balance" column of the second ledger card with a notation off to the side indicating how that balance was arrived at.

By check dated September 19, 1973, drawn on an escrow account with Transamerica Title Insurance Company, a payment of $5,768.08 was made to J. F. Davidson Associates. It was stipulated at trial that this payment was in discharge of the remaining obligation for work performed in relation to the first project as depicted on the first ledger card in the amount of $5,491.70 plus accumulated interest pursuant to the letter agreement (see fn. 1, *ante*). The receipt of this payment was entered on the second ledger card on October 3, 1973. No other payments are reflected on the second ledger card and, in view of the stipulation, it is uncontroverted that no payments were ever made to J. F. Davidson Associates for the engineering and surveying services performed in respect to the second project. Prior to the entry of the October 1973 payment, the last entry on the second ledger card is dated August 25, 1969. This action was filed January 11, 1974.

CONTENTIONS, ISSUES AND DISCUSSION

■ Defendants advance numerous contentions in support of their demand for reversal of the judgment. One is dispositive and makes unnecessary our consideration of the others. Its substance may be summarized as follows. The engineering and surveying services performed on the first and second projects were performed by two distinct partnerships, as a result of the withdrawal of Mr. McCarthy from the first partnership prior to commencement of the second project. Consequently, two separate open book accounts existed; one with the first partnership which involved work performed on the first project, and one with the second partnership which involved work performed on the second project. Since there were two separate open book accounts with separate entities, defendants' payment of the balance due for work performed on the first project by check dated September 19, 1973, cannot operate to defer the running of the statute of limitations on the book account which involved the services performed on the second project. As the last entry on the second ledger card, which details the work performed on the second project, was dated August 25, 1969, the four-year limitation period of Code of Civil Procedure section 337, subdivision 2 lapsed August 25, 1973, and plaintiffs' suit, commenced January 11, 1974, was untimely. Defendants are correct.

Code of Civil Procedure section 337, subdivision 2 provides for a four-year limitation period on actions to recover "(1) upon a book account whether consisting of one or more entries." This limitation period commences to run from the date of the last entry in the book account. (*Furlow P. B. Co.* v. *Balboa L. & W. Co.*, 186 Cal. 754, 763 [200 P. 625]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 296, p. 1143.)

At the time of Mr. McCarthy's withdrawal as a partner of J. F. Davidson Associates, no arrangements had been made for services in respect to the second project. Pursuant to Corporations Code section 15031, subdivision (7) the withdrawal of Mr. McCarthy caused a dissolution of J. F. Davidson Associates as it then existed.[3] When the remaining partners of J. F. Davidson Associates elected to continue the

---

[3]Corporations Code section 15031 provides in part: "Dissolution is caused: [¶] (7) By withdrawal of a partner . . . unless otherwise provided in an agreement in writing signed by all of the partners, including any such withdrawing partner . . . before such withdrawal . . . ." We have discovered no evidence in the record of any agreement between the original partners of J. F. Davidson Associates to the effect that a dissolution would not result from the withdrawal of a partner.

partnership under the same name, a new partnership thereupon came into existence. (See *Bradley* v. *Harkness*, 26 Cal. 69, 77; *Orlopp* v. *Willardson Co.*, 232 Cal.App.2d 750, 755 [43 Cal.Rptr. 125]; *Wood* v. *Waterman*, 102 Cal.App. 516, 520-521 [283 P. 143]; see also *Ellingson* v. *Walsh, O'Connor & Barneson*, 15 Cal.2d 673, 676 [104 P.2d 507].) Since the second project was commenced after Mr. McCarthy's withdrawal, any contract by defendants for work on the second project was made with and was performed by a different entity than that which agreed to perform and did the work on the first project. The ledger card detailing the transactions in relation to the second project reflected an obligation of defendants to J. F. Davidson Associates as it existed after McCarthy's withdrawal and thus constituted a separate book account as that term is defined in Code of Civil Procedure section 337a.[4] The fact that J. F. Davidson Associates may have considered the two ledger cards as one account and carried the balance owed as reflected on the original card forward to the "previous balance" column on the new card cannot change the fact that two separate book accounts existed. (Cf. *Orlopp* v. *Willardson Co., supra*, 232 Cal.App.2d at pp. 755-757; *Bradner* v. *Woods*, 30 Cal.App.2d 678, 681 [87 P.2d 69]; *Irvine & Muir Lumber Co.* v. *Holmes*, 26 Cal.App. 453, 457-458 [147 P. 929].) Nor does the assignment of the first account by the first partnership to the second partnership affect defendants' statute of limitations defense. (Cf. *Tuller* v. *Arnold*, 98 Cal. 522, 524 [33 P. 445]; see generally, 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 751, pp. 628-629.)

In view of the stipulation that defendants' payment of $5,768.08 on September 19, 1973, was specifically directed to be, and was, applied to discharge the balance remaining on the first account, there is no evidence any payment was ever made on the second account.[5] The last entry on the books of J. F. Davidson Associates relating to the second account is dated August 25, 1969. Since the four-year limitation period commenced on the

---

[4]Section 337a reads in pertinent part: "The term 'book account' means a detailed statement which constitutes the principal record of one or more transactions between *a debtor* and *a creditor* arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business conducted by *such creditor* or fiduciary, and is kept in a reasonably permanent form and manner . . . ." (Italics added.)

[5]At oral argument, plaintiffs for the first time asserted that the amount paid on September 19, 1973, was in excess of the amount owed on the first project even with interest added, and that the excess must be considered a part payment on the amount owed with respect to the second project. This assertion is contrary to the trial stipulation. Whether the stipulation will bind plaintiffs in the event of retrial is a question upon which we express no opinion.

date of the last entry in the book account, it expired August 25, 1973. Suit was not commenced until January 11, 1974, more than four years later. It was therefore untimely under Code of Civil Procedure section 337, subdivision 2.

## DISPOSITION

The judgment is reversed. In the interests of justice the parties shall bear their own respective costs on appeal.

McDaniel, J., and Morris, J., concurred.